Larry HAIRSTON and Sheila Hairston, Individually and on behalf of their infant child, Trina Evet Hairston, Individually, and on behalf of all others similarly situated, Plaintiffs,

v.

John DROSICK, Jr., Superintendent of Schools, McDowell County, West Virginia, et al., Defendants.

Civ. A. No. 75–0691CH.

United States District Court,
S. D. West Virginia,
Charleston Division.

Jan. 14, 1976.

Daniel F. Hedges, Charleston, W. Va., for plaintiffs.

Harry G. Camper, Jr., Pros. Atty. of McDowell County, Welch, W. Va., Cletus B. Hanley and Richard E. Hardison, Deputy Attys. Gen., of the State of West Virginia, Charleston, W. Va., for defendants.

## MEMORANDUM ORDER

K. K. HALL, District Judge.

This is a civil proceeding challenging the refusal of the defendants to admit the plaintiff child, Trina Evet Hairston to the regular public classroom at Gary Grade School and her exclusion therefrom as being contrary to 29 U.S.C. § 794, a section of what is commonly known as "The Rehabilitation Act of 1973," and her exclusion without procedural safeguards as being contrary to the Fourteenth Amendment to the United States Constitution.

The plaintiffs, Larry Hairston and Sheila Hairston, on behalf of their child, Trina Evet Hairston, are seeking the right of their child, Trina Evet Hairston, to attend Gary Grade School, a regular public school. The complaint alleges that the plaintiff child has a physical condition known as spina bifida and that on account of this condition her right to attend the regular public school classroom has been infringed upon; that on or about September 1, 1975, the plaintiff Sheila Hairston received a telephone call from the teacher of the class in which the plaintiff Trina Hairston was to be enrolled indicating that the plaintiff child would not be accepted into her classroom. The complaint further alleges that upon going to the school after extensive discussion it was determined by the school authorities that the plaintiff child's right to attend public school was conditioned upon the mother's attendance at such school which was an impossibility. The plaintiffs further allege that none of them had received written notice or following such written notice an opportunity to be heard and accompanying procedural safeguards to contest the exclusion or limitations upon the attendance of plaintiff Trina Evet Hairston at Gary Grade School. The plaintiffs further allege that the Board of Education of McDowell County and the schools therein are recipients of federal funds.

The plaintiffs contend that such exclusion or placement constitutes a discrimination against the named plaintiff Trina Evet Hairston on account of her handicap in violation of Title V of the "Rehabilitation Act of 1973," 29 U.S.C. § 794, which prohibits discrimination against and denial of benefits to handicapped persons in any program or activity receiving federal financial assist-

ance. Secondly, the plaintiffs assert that the exclusion or conditional exclusion of the plaintiff child from the regular public classroom at Gary Grade School without written notice and accompanying procedural safeguards is contrary to the mandate of due process of law afforded to them by the Fourteenth Amendment to the United States Constitution.

The defendants, John R. Drosick, Jr., the superintendent of schools of McDowell County, Elizabeth Dudas, principal of Gary Grade School, and E. N. Reid, Tony J. Romeo, Ira E. Short, James R. Vilsick, and W. H. Wagner, members of the Board of Education of McDowell County, admit that the plaintiff child Trina Evet Hairston is not permitted to attend Gary Grade School without the presence of her mother on a regular daily basis. The defendants further admit in their answer that the plaintiff child is suffering from a physical condition known as spina bifida and that there is no question that the plaintiff is mentally competent to attend regular public schools. The defendants contend that at the time the child was taken to school for placement and at later discussion between the plaintiff Larry Hairston and the defendant John R. Drosick, Jr. the child was offered three alternatives with respect to school attendance, specifically, (1) that the child could be enrolled at Gary Grade School if her mother would go to the school two or three times a day to attend to the child, (2) that the child could receive homebound instruction, or (3) that the child could attend special education class at Tidewater School for physically handicapped children; and contend that under such circumstances there is no denial of educational rights or discrimination. The defendants in their answer deny that children are being placed in special education classes without adequate notice and accompanying procedural safeguards, but do not plead any prior written notice or meaningful procedural safeguards afforded the plaintiffs or others prior to placement in special education situations and the accompanying exclusion from the regular classroom.

## FINDINGS OF FACT

Upon the pleadings and upon the evidence adduced the Court makes the following findings of fact:

1. The plaintiff child Trina Evet Hairston has a condition known as spina bifida which has left said plaintiff with a minor physical impairment which includes incontinence of the bowels and a noticeable limp. The child is clearly physically able to attend school in a regular public classroom. The plaintiff child is of normal mental competence and capable of performing easily in a regular classroom situation.

2. The plaintiff child, after being excluded initially from the kindergarten classroom at the direction of the defendants, was permitted to attend Gary Grade School in the regular classroom the second half of the 1974–75 school year.

3. At the time the plaintiff child was to begin this school year, the plaintiff child was not wanted in the regular classroom and it was made clear to the plaintiff Sheila Hairston that the child was not to be permitted to attend Gary Grade School without her mother's daily intermittent presence. It was clear to the defendant superintendent and other persons involved that the presence of the plaintiff Sheila Hairston at the school was an impossibility because (1) the plaintiff Sheila Hairston has an infant child at home during part of the school day which she has to supervise, (2) the mother's continued presence at home was necessary for the family's subsistence because if she were not there to take phone orders for her husband, who makes his living by delivering loads of coal for heating homes, there would be no family income, (3) during the matters involved in attempting to get this child into school, the mother of plaintiff Sheila Hairston was terminally ill and totally incapacitated, and her continued presence at home was absolutely necessary for her mother's life, and (4) the plaintiff mother does not have a driver's license and has no feasible means of transportation to the school several times a day. The requirement of the plaintiff mother's intermittent presence at Gary Grade School as a

condition of her child's being permitted to attend Gary Grade School, coupled with the impossibility of this request upon the plaintiff Sheila Hairston, constituted an exclusion of the plaintiff child from Gary Grade School. Further, even if the mother's presence were circumstantially possible, the right of a child to attend school cannot be legally conditioned upon the mother's presence at the school.

4. The plaintiff Larry Hairston met with the defendant John R. Drosick, Jr. in an attempt to secure his child's admission to Gary Grade School. Following the meeting defendant John R. Drosick, Jr. caused to be forwarded to the plaintiff a letter from his assistant outlining the alternatives open to the plaintiff Larry Hairston with respect to the plaintiff child Trina Evet Hairston including only the choice of placement at Tidewater School in a physically handicapped class or homebound instruction.

5. The plaintiffs have never received any written notice or meaningful opportunity to be heard with accompanying procedural safeguards with respect to this child's exclusion from Gary Grade School.

6. The plaintiff child was never given an examination by a medical specialist by or on behalf of the school authorities during the current school year, which examination is required by state law to serve as a basis for placement in a special education class. The most recent medical examination was performed by a specialist at the request of the parents midway in the previous school year which examination resulted in a recommendation that the plaintiff child should be permitted to attend public school.

7. In attempt to secure the admission of plaintiff child to Gary Grade School counsel for the plaintiffs communicated with defendant Superintendent of Schools by telephone requesting admission of the child on October 9, 1975 and said defendant refused admission to the child. The defendant John R. Drosick, Jr. was aware that a child cannot be excluded from school without procedural safeguards.

8. There are a great number of other spina bifida children throughout the State of West Virginia who are attending public schools in the regular classroom situation, the great majority of which have more severe disabilities than the plaintiff child Trina Evet Hairston including children having body braces, shunts, Cunningham clips and ostomies, and requiring the use of walkers and confinement to wheel chairs. The needless exclusion of these children and other children who are able to function adequately from the regular classroom situation would be a great disservice to these children. A child's chance in this society is through the educational process. A major goal of the educational process is the socialization process that takes place in the regular classroom, with the resulting capability to interact in a social way with one's peers. It is therefore imperative that every child receive an education with his or her peers insofar as it is at all possible. This conclusion is further enforced by the critical importance of education in this society.

9. It is an educational fact that the maximum benefits to a child are received by placement in as normal environment as possible. The expert testimony established that placement of children in abnormal environments outside of peer situations imposes additional psychological and emotional handicaps upon children which, added to their existing handicaps causes them greater difficulties in future life. A child has to learn to interact in a social way with its peers and the denial of this opportunity during his minor years imposes added lifetime burdens upon a handicapped individual.

10. This educational fact that handicapped children should be excluded from the regular classroom situation only as a last resort is recognized in federal law. The federal statute providing moneys to states for special education programs mandates that every state have procedures to assure handicapped children are educated with children who are not handicapped and that "removal of handicapped children from the regular education environment occurs only when the nature or severity of the

handicap is such that education in regular classes with the use of supplementary aids and services cannot be achieved satisfactorily." 20 U.S.C. § 1413(a)(13)(B).

11. The West Virginia Department of Education has promulgated regulations pursuant to state statute dealing with special education classes, the most recent edition of which are effective July 1, 1974. Among other things, these regulations provide that the age range between the youngest and oldest child in any class of physically handicapped children not exceed four years. These regulations further provide that any classroom provided for physically handicapped children have at a minimum fifteen hundred square feet of floor space.

12. The classroom at Tidewater School for placement of physically handicapped children contains children with an age difference ranging from the youngest at ten years old to the oldest at seventeen years old, an age range of seven years. Said classroom has a square footage size in gross violation of state regulation. Only two of the children presently in the classroom are ambulatory, and one of these two is legally blind. The placement of the six-year-old plaintiff child in this classroom would be in gross violation of state regulation. Moreover, such placement of the plaintiff child, who except for minor physical handicaps is a normally functioning six-year-old child, in a classroom with no child even close to her age and only two children having ambulation would work a distinct disservice to the individual needs of this child.

13. The West Virginia Department of Education has promulgated regulations pursuant to the mandate of federal law as contained in 20 U.S.C. § 1413(a)(13) requiring that procedures be provided for insuring that handicapped children and their parents are guaranteed procedural safeguards with regard to decisions involving identification, evaluation, and educational placement of handicapped children including prior notice, opportunity to be heard, and accompanying due process procedural safeguards.

14. The Board of Education of McDowell County, West Virginia and the schools therein are recipients of federal funds.

## CONCLUSIONS OF LAW

The Court, after careful review of the facts and applicable law, concludes that:

1. The exclusion of a minimally handicapped child from a regular public classroom situation without a bona fide educational reason is in violation of Title V of Public Law 93–112, "The Rehabilitation Act of 1973," 29 U.S.C. § 794. The federal statute proscribes discrimination against handicapped individuals in any program receiving federal financial assistance. To deny to a handicapped child access to a regular public school classroom in receipt of federal financial assistance without compelling educational justification constitutes discrimination and a denial of the benefits of such program in violation of the statute. School officials must make every effort to include such children within the regular public classroom situation, even at great expense to the school system.

2. The exclusion of a child from the regular public classroom situation and placement in special education situation or otherwise without prior written notice and accompanying procedural safeguards including opportunity to be heard is contrary to the due process clause of the Fourteenth Amendment to the United States Constitution. The mandate of due process of law is satisfied by the procedural safeguards set out in West Virginia regulations, which provide:

(a) Written notice, describing in detail the proposed or requested action and a reason why such action is deemed appropriate or inappropriate for the child; specifying any tests or reports upon which the proposed or requested action is based; stating that the school files, records and other reports pertaining to the child will be available for inspection and copying at reasonable costs; giving the reasons why alternative placements are not appropriate for the child when the proposed or requested action in-

volves placement or denial of placement; indicating the opportunity to obtain an independent evaluation of the child and including the names and addresses and telephone numbers of appropriate agencies where such services can be obtained; encouraging the parent to contact the county director of special education for a conference to discuss the matter; indicating the right to obtain a hearing if there are any objections to the proposed or requested action; listing those agencies in the community from which legal counsel may be obtained for those unable to pay for counsel; stating that the child will remain in the present educational placement until such time as there is a decision following a hearing or until a proposed educational placement is accepted by the parties.

(b) Providing for a hearing in the event that the conference with the parents does not result in an agreement as to the placement of the children including: a fifteen day written notice; assurances that the child will remain in the present educational placement until a decision is entered following the hearing; granting the parents the opportunity to obtain evaluation of the child's educational needs and giving the parents access to school reports, files and records pertaining to the child for inspection and copying at reasonable cost; the right to request the attendance at the hearing of any employee or agent of the county educational agency who might have testimony or evidence relative to the needs, abilities, or status of the child; the scheduling of the hearing within five days of the request and that the county board of education supply to the parents written notice of the time and place within at least fifteen days prior to the hearing; a verbatim record or tape recording of the proceedings to be provided by the county.

(c) That the hearing be presided over by an impartial hearing officer; that the parties have an opportunity to present their evidence and testimony; that the hearing shall be closed to the public unless the parents request an open hearing; that the par-

ents and other persons have an opportunity to confront and question all witnesses at the hearing; that the child have the right to determine whether or not the child will attend the hearing; that the burden of proof as to the appropriateness of any proposed placement be upon the school personnel recommending the placement; that a decision be issued within thirty days of the decision in writing and forwarded by certified mail to the parents; that the decision include findings of fact, conclusions and reasons for these findings and conclusions; that such decision be based solely upon the evidence and testimony presented at the hearing; and that the parents be afforded a mechanism for administrative appeal.

## ORDER

In conformity with the foregoing findings of fact and conclusions of law, it is hereby ORDERED that, during the pendency of this action, the defendants admit the plaintiff child to the public classroom at Gary Grade School immediately and that any attempt to exclude the child be based upon a legally justifiable reason and be conducted in a manner in accord with the mandates of due process of law, consistent with the conclusions in this ORDER. It is further ORDERED that any exclusion of the plaintiff child be reviewed by this Court prior to any such action.

The defendants hereby object to all the substance and content of the provisions of this order and approve this order as to form only.