Jack A. KAMPMEIER et al., Appellants,

v.

Ewald NYQUIST, in his capacity as Commissioner of Education, et al., Appellees.

No. 509, Docket 76–7383.

United States Court of Appeals, Second Circuit.

Argued March 2, 1977.

Decided April 15, 1977.

Edward H. Fox, Rochester, N. Y. (Paul J. Yesawich, III, Rochester, N. Y., on the brief, of counsel to the Genesee Valley Chapter, New York Civil Liberties Union), for appellants.

Lawrence W. Reich, Albany, N. Y. (Robert D. Stone, Albany, N. Y., on the brief), for appellees Nyquist and Soucy.

Thomas W. Sullivan, Rochester, N. Y. (Sullivan, Gough, Skipworth, Summers & Smith, Rochester, N. Y., on the brief), for appellees Harris, Bent, and Hibschman in his capacity as Superintendent.

Bruce E. Hansen, Rochester, N. Y. (Harter, Secrest & Emery, Rochester, N. Y., on the brief), for appellees Andrews, Burns, Farnsworth, Hosenfeld, Kolb, Lundy, McGavern, Pitler, and Skawski.

Before LUMBARD and OAKES, Circuit Judges, and BRYAN, District Judge.*

LUMBARD, Circuit Judge:

Two junior high school students, each with vision in only one eye, and their parents, appeal from an order by Judge Burke in the Western District of New York denying their motion for a preliminary injunction against public school authorities in Pittsford and Canandaigua, New York, who have refused to allow the students to participate in contact sports at school. Plaintiffs contend that the school system's prohibition on participation by one-eyed students in contact sports violates section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and also deprives them of their fourteenth amendment right to equal protection of the law. Having considered the possible irreparable consequences that may flow from whichever decision the court should choose to make, we conclude that the appellants have not made a sufficient factual showing of likely success of the merits to warrant preliminary relief. Accordingly, we affirm the order of the district court.

In their complaint filed on April 14, 1976, plaintiffs alleged the following: Margaret Kampmeier has a congenital cataract in one eye. As of the beginning of her seventh-grade year in 1975, she was one of the best athletes in her class. Her parents have provided her with protective glasses which have industrial quality safety lenses, wire mesh side shields, and extended ear pieces.

The Kampmeiers have also announced their willingness to release the school and its employees from liability for any athletics injury to Margaret's good eye.[1] Steven Genecco is a grade ahead of Margaret. He has been virtually blind in one eye since an injury at age six. Prior to the 1975–76 school year, he had been allowed to participate in all school sports. During 1975 he participated in interscholastic basketball and a community association football league as well as the regular school physical education program. On recommendation by a school physician, each child has now been prohibited from participating in any contact sports at school, solely because of lack of vision in one eye.[2]

In response to plaintiffs' motion for a preliminary injunction, the defendants submitted affidavits explaining that under regulations promulgated by the New York State Commissioner of Education, 8 N.Y.C.R.R. § 135.4(c)(7)(i)(h), approval from the school medical officer is required before any student may be allowed to participate in interscholastic athletics. Pamphlets distributed to school officials by the Commissioner list blindness in one eye as a disqualifying condition for participation in contact sports, but not noncontact sports.[3] The lists of disqualifications are advisory only: "[t]hese guidelines . . . are only guidelines and are not absolute mandates for the school physician."[4] "Some of the disqualifying conditions listed are subject to evaluation by the responsible physician with respect to anticipated risks, the otherwise athletic fitness of the candidate, special protective preventive measures that might be utilized, and the nature of the supervisory control."[5] In *Matter of Spitaleri*, 11 Ed. Dept.Rep. 84 (1972), petition for review dismissed (Sup.Ct., Albany County Special

---

* Sitting by designation.

1. The complaint alleged that the Kampmeiers had attempted to obtain insurance for their daughter, without success.

2. The schools receive federal and state funds.

3. American Medical Ass'n, Medical Evaluation of the Athlete . . . a Guide 7 (rev. ed.

1973); N.Y. State Educ. Dept., Department Policy Relative to Medical Examinations for Organized Interscholastic Athletic Activities 4.

4. Department Policy, supra note 3, at 4.

5. Medical Evaluation of the Athlete, supra note 3, at 4.

Term, June 15, 1973) (Mahoney, J.), the Commissioner of Education ruled that a school physician's determination against participation in contact sports by a one-eyed child is not reviewable.

Letters from physicians who had examined the children were submitted. Their opinions were divided.[6]

After oral argument based on the foregoing record, Judge Burke on July 28 denied plaintiffs' preliminary injunction motion. He found that plaintiffs had failed to show that they would suffer irreparable harm or that they were likely to succeed on the merits.

■■ The standard for issuance of a preliminary injunction is whether there has been "a clear showing of either (1) probable success on the merits *and* possible irreparable injury, *or* (2) sufficiently serious questions going to the merits to make them a fair ground for litigation *and* a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Triebwasser & Katz v. American Tel. & Tel. Co.*, 535 F.2d 1356, 1358 (2d Cir. 1976); *Sonesta Int'l Hotels Corp. v. Wellington Associates*, 483 F.2d 247, 250 (2d Cir. 1973) (emphasis in original). Ordinarily, the grant or denial of a preliminary injunction by a district court is reviewable only for abuse of discretion. See *Triebwasser & Katz v. American Tel. & Tel. Co.*, supra. However, when—as here—the district court makes no detailed findings in support of his decision, we must engage in a somewhat more searching review. Cf. *Small v. Kiley*, No. 76–6162 (2d Cir. March 9, 1977).

■ Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, provides:

No otherwise qualified handicapped individual . . . shall, solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

In *Lloyd v. Regional Transportation Authority*, 548 F.2d 1277, 1284–87 (7th Cir. 1977), the court held that handicapped persons have private rights of action under § 504. Although the circumstances were somewhat different, the reasoning in that opinion is fairly persuasive here. Accord, *Hairston v. Drosick*, 423 F.Supp. 180 (S.D. W.Va.1976). Thus, we think it probable that the plaintiffs do have standing to sue;[7] they are the people in the best position to enforce § 504, which is designed specifically for their protection.[8] See generally *Cort v. Ash*, 422 U.S. 66, 78, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975).

■■ As we read § 504, however, exclusion of handicapped children from a school activity is not improper if there exists a substantial justification for the school's policy. Section 504 prohibits only the exclusion of handicapped persons who are "otherwise qualified." Here, the defendants have relied on medical opinion that children with sight in only one eye are not qualified to play in contact sports because of the high risk of eye injury. The plaintiffs have presented little evidence—medical, statistical, or otherwise—which would cast doubt on the substantiality of this rationale. On the record before us, they have not made a

---

**6.** One of Margaret Kampmeier's doctors wrote that neither he nor her ophthalmologist felt her lack of vision should "be any hinderence [sic] to her full participation in school athletic activities." Another wrote: "I feel that with special protective eye wear the risk to either eye is rather remote. However, there is a risk, and the protective eye wear would by no means guarantee the safety of her eyes." The school physician concluded that contact sports presented an unreasonable risk of injury to Margaret's one good eye.

A doctor who examined Steven Genecco at the request of his school physician wrote: "It is

my opinion that the disadvantages of participating in contact sports far outweigh any possible advantages . . .."

**7.** The appellees do not deny that Margaret Kampmeier and Steven Genecco are within the applicable definition of a "handicapped individual" in 29 U.S.C. § 706(6).

**8.** We do not need to reach appellants' argument that handicapped individuals are a suspect class and therefore entitled to invoke strict scrutiny analysis under the equal protection clause.

clear showing of probable success on the merits.[9]

■ Both sides have demonstrated the possibility of irreparable injury. On the one hand, athletics play an important part in the life and growth of teenage children, cf. *Brenden v. Independent School District,* 477 F.2d 1292, 1299 (8th Cir. 1973), and the plaintiffs are being deprived of the freedom to participate in sports of their choice. On the other hand, public school officials have a parens patriae interest in protecting the well-being of their students; the defendants, relying on medical opinion, are concerned about the risk of injury to a child's one good eye.[10] In view of the host of noncontact sports which remain open to the plaintiffs, we conclude that the balance of hardships does not tip decidedly in their favor.

The motion for a preliminary injunction was properly denied. Judgment affirmed.

---

**9.** Plaintiffs rely on *Borden v. Rohr,* No. C2 75–844 (S.D.Ohio Dec. 30, 1975) (oral decision), wherein a preliminary injunction was granted to allow a one-eyed state university student to play intercollegiate basketball. That case was unlike this one, however, because there the student was old enough to weigh the risks and make the decision for himself.

**10.** The appellees have also expressed fears that athletes lacking depth perception and peripheral vision may be a special hazard to their fellow competitors. However, this claim is not part of the record in the district court, and no evidence has been adduced to support it.

In addition, the defendants say they fear negligence liability should a one-eyed child be injured in contact sports.