**Milton R. MINTO, Plaintiff,**

v.

**EUROPEAN–AMERICAN BANK & TRUST COMPANY, Defendant.**

**No. 77 Civ. 4771 (CMM).**

United States District Court,
S. D. New York.

Nov. 7, 1977.

McGinley, Jones & Lederer, New York City, for plaintiff.

Lowenthal, Landau, Fischer & Singer, New York City, for defendant.

METZNER, District Judge:

Plaintiff seeks a preliminary injunction to require the defendant bank to return $137,691.12 it withdrew from plaintiff's Individual Retirement Account (IRA) as a setoff pending resolution of this litigation.

This case concerns a disputed collection by setoff by the bank on a guarantee of liability signed by plaintiff which defendant contends runs in its favor. The company from which the debt to the bank is owing has gone bankrupt. Plaintiff disputes both the validity of the guarantee and the legality of an invasion of the funds in his IRA.

The rule in this circuit governing preliminary injunctions is well settled. It was recently restated in *Kampmeier v. Nyquist*, 553 F.2d 296, 299 (2d Cir. 1977):

"The standard for issuance of a preliminary injunction is whether there has been 'a clear showing of either (1) probable success on the merits *and* possible irreparable injury, *or* (2) sufficiently serious questions going to the merits to make them a fair ground for litigation *and* a balance of hardships tipping decidedly to-ward the party requesting the preliminary relief.' *Triebwasser & Katz v. American Tel. & Tel. Co.*, 535 F.2d 1356, 1358 (2d Cir. 1976); *Sonesta Int'l Hotels Corp. v. Wellington Associates*, 483 F.2d 247, 250 (2d Cir. 1973) (emphasis in original)."

■ The fact that plaintiff will be assessed income tax on the amount removed from his IRA cannot be said to constitute irreparable harm. Defendant will be able to respond fully in damages should it be found that the money was unlawfully removed.

■ However, I find that plaintiff is entitled to a preliminary injunction under the second test cited in *Kampmeier, supra.* The parties have raised numerous questions of fact and of law which are a fair ground for litigation. These include, *inter alia*, (1) whether an IRA is subject to setoff under the new Section 408 of the Internal Revenue Code, and (2) whether the IRA is a "special account" as to which New York law forbids setoff.

Although defendant raises the specter of a declaration of bankruptcy by plaintiff, defendant itself admits that there is no evidence to indicate that possibility. The fact of bankruptcy by a corporation is no indication of personal bankruptcy by former corporate officers. On the other hand, the $60,000 in taxes which plaintiff will be immediately assessed is viewed as inevitable by both parties. Plaintiff has agreed not to disturb the disputed sum if it is left in his account. Defendant's interests can be protected by an indemnity bond. *Yakus v. United States*, 321 U.S. 414, 440, 64 S.Ct. 660, 88 L.Ed. 834 (1944).

Therefore, the injunction will issue on the condition that plaintiff obtain a bond in the amount set off by the defendant.

Settle order.