**Frances B. DAVIS, Appellant,**

v.

**SOUTHEASTERN COMMUNITY COLLEGE, Appellee.**

**No. 77–1237.**

United States Court of Appeals, Fourth Circuit.

Argued Jan. 9, 1978.

Decided March 28, 1978.

Rehearing and Rehearing En Banc Denied June 29, 1978.

Marc P. Charmatz and Sy Dubow, The National Center for Law and The Deaf Legal Defense Fund, Washington, D. C. (Philip A. Diehl and Warren L. Pate, Moses, Diehl & Pate, Raeford, N. C., on brief), for appellant.

Edward L. Williamson, Whiteville, N. C. (Benton H. Walton, III, Williamson & Walton, Whiteville, N. C., on brief), for appellee.

Charles E. Hill, Douglas L. Parker and Mark A. Barenstein, Washington, D. C., on brief) for amicus curiae Disability Rights Center and James Cherry.

Before HAYNSWORTH, Chief Judge, and BUTZNER and HALL, Circuit Judges.

K. K. HALL, Circuit Judge:

Frances B. Davis, a Licensed Practical Nurse ("LPN"), appeals from a final judgment entered against her in a civil action filed under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, ("the Act"). The Southeastern Community College ("college"), located in North Carolina, was the named defendant, and Ms. Davis complained that the college unlawfully denied her admittance to the college's Associate Degree Nursing Program ("program"), which would ultimately lead to certification as a Registered Nurse ("RN"), because of her admitted hearing disability.

Following a trial to the court, the district judge held: (1) that the plaintiff did not have to exhaust further administrative remedies as a precondition to suit; (2) that the plaintiff was not denied any constitutional or property rights, under either due process or equal protection clauses of the Constitution, [42 U.S.C. § 1983]; and (3) that the plaintiff, although plainly a "handicapped individual" within the meaning of 29 U.S.C. § 706(6), was not discriminated against within the strictures of 29 U.S.C. § 794. *Davis v. Southeastern Community College*, 424 F.Supp. 1341 (E.D.N.C.1976). We affirm in part, and vacate in part and remand.[1]

I.

PRIVATE RIGHT OF ACTION

Although the district court did not make a specific legal finding as to whether or not the plaintiff could pursue a private right of action under Section 504 of the Act, we believe that such a finding was at least implicit, and was legally sound. On this point, we affirm,[2] and we adopt the sound reasoning of the Seventh Circuit in *Lloyd v. Regional Transportation Authority*, 548 F.2d 1277, 1284–87 (7th Cir. 1977). *See also United Handicapped Federation v. Andre*, 558 F.2d 413, 415 (8th Cir. 1977); *Kampmeier v. Nyquist*, 553 F.2d 296, 299 (2nd Cir. 1977); *Hairston v. Drosick*, 423 F.Supp. 180 (S.D.W.Va.1976); *Sites v. McKenzie*, 423 F.Supp. 1190 (N.D.W.Va.1976).

1. Except as supplemented in this opinion, the facts are adequately set forth by the district court in its published opinion, *Davis v. Southeastern Community College, supra.*

2. In a later case, the same district judge that decided the case now before us squarely held that Section 504 of the Act did confer a private right of action to sue upon a handicapped person. *See Barnes v. Converse College*, 436 F.Supp. 635, 638 (D.S.C.1977).

## II.

### ADMINISTRATIVE EXHAUSTION

■ As the district court noted, once the plaintiff was formally denied admission to the college's nursing program, she sought an additional, yet informal, reconsideration through the Office of the President of the college. In fact, her application was reconsidered by a committee of nurses who were on the staff at the college and who availed themselves of all relevant materials and records concerning the plaintiff. They reaffirmed their refusal to admit plaintiff to the nursing program. *Davis v. Southeastern Community College, supra,* at 1343–4, ¶¶ 9, 10.

On appeal, the college contends that since it had an established grievance procedure,[3] and since the plaintiff did not pursue her denial of admittance to the nursing program through the tiers of that grievance procedure, then her suit in federal court is effectively barred.

We disagree with the college, hold that the processing of plaintiff's grievance beyond that which she had already achieved would indeed have been "futile," and affirm that holding for the reasons adequately stated by the district court. *Davis v. Southeastern Community College, supra,* at 1343–4, at ¶¶ 9, 10, and A.[4]

**3.** The procedural framework at the college for airing grievances was generally structured as follows:

    a. Discussion with the person who was the source of grievance;
    b. Written presentation of the grievance to the student's dean and to the staff members' superior or dean;
    c. Appeal to a special grievance committee composed of seven members (three students; two faculty members; two administrators);
    d. Appeal thereafter to the President of the College.
Defendant's Exhibit 25.

**4.** Since we dispose of this appeal on the Section 504 grounds, we only note in passing that plaintiff's suit was also brought under 42 U.S.C. § 1983 in which administrative exhaustion is not required as a precondition to suit. *See McCray v. Burrell,* 516 F.2d 357 (4th Cir.

## III.

### THE SECTION 504 CLAIM

Our holding on the merits of plaintiff's Section 504 claim is rather narrow. We vacate and remand that portion of the district court judgment which has not been affirmed here, and hold that the college must reconsider plaintiff's application for admission to the nursing program without regard to her hearing disability. The college may consider such other relevant subjective and objective factors as it deems appropriate, consonant of course with a fair and essentially uniform application of those same subjective and objective factors utilized in the consideration of other candidates for enrollment in the nursing program. For instance, past academic performance would undoubtedly be a highly relevant factor governing admissibility to the nursing program.[5]

We reach this result because the district court erred when it found that plaintiff was not "otherwise qualified" pursuant to Section 504 of the Act, 29 U.S.C. § 794, for admission to the college's nursing program.

The court below defined the key statutory terminology, "otherwise qualified," as contained in 29 U.S.C. § 794, in their ordinary common meaning since, at the time the case was decided, there had not been any definitive interpretations of those terms. *Davis v. Southeastern Community*

1975), *cert. dismissed,* 426 U.S. 471, 96 S.Ct. 2640, 48 L.Ed.2d 788 (1976).

**5.** At oral argument, we were informed by counsel for the college that the plaintiff had scored well below average on the reading placement test.
The record on plaintiff's academic performance is at best mixed. The plaintiff's transcripts of prior academic work were made part of the record in this case and they reflect above average performance with a range of grades from C to A.
We express no opinion concerning the scholastic suitability of the plaintiff to pursue her studies toward an RN degree. However, the record does reflect that the large number of applicants for a limited number of available positions in the nursing program undoubtedly creates keen competition for admission to the nursing program.

*College, supra,* at 1345, decided December 22, 1976. Thus, "otherwise qualified" was defined to mean that the plaintiff had ". . . to [be] otherwise able to function sufficiently in the position in spite of [her] handicap, if proper training facilities [were] suitable and available." *Id.* However, since plaintiff's hearing deficiencies would prevent her from safely performing the clinical training leading to her RN degree and would, after graduation, restrict her in the pursuit of her proposed profession, then in the district court's view she was not "otherwise qualified." *Id.*[6]

Approximately six months after the district court decided *Davis,* on June 3, 1977, the regulations implementing Section 504 of the Act, promulgated by the Department of Health, Education and Welfare ("HEW"), became effective.[6a] 42 Fed.Reg. 22676 (May 4, 1977). Among these regulations, now embodied in 45 C.F.R. Part 84, is one which addresses the particular definitional problem presented on this appeal. Title 45 C.F.R. § 84.3(k)(3) requires that:

> With respect to post-secondary and vocational education services [an otherwise qualified handicapped person is one] . . . who meets the *academic* and *technical* standards requisite to admission or participation in the recipient's education program or activity.

[Emphasis added.][7]

The official explanation provided by HEW for this definition indicates that:

. . . both academic and technical standards must be met by applicants to these programs. The term 'technical standards' refers to all nonacademic admissions criteria that are essential to participation in the program in question. 42 Fed.Reg. at 22687.

Thus, we hold the district court erred by considering the nature of the plaintiff's handicap in order to determine whether or not she was "otherwise qualified" for admittance to the nursing program, *Davis v. Southeastern Community College, supra,* at 1345, rather than by focusing upon her academic and technical qualifications as required by the newly promulgated regulations. We reach this result by applying the law which is in effect at the time we render our decision, *Thorpe v. Housing Authority,* 393 U.S. 268, 281, 89 S.Ct. 518, 21 L.Ed.2d 474 (1969); *see also Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975); *Bradley v. Richmond School Board,* 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974), and note that other courts of appeals have been required to vacate and remand Section 504 cases to the lower courts for reconsideration in light of applicable regulations which antedated their decisions. *See United Handicapped Federation v. Andre,* 558 F.2d 413, 416 (8th Cir. 1977); *Lloyd v. Regional Transportation Authority,* 548 F.2d 1277, 1287–8 (7th Cir. 1977).[7a]

---

**6.** We do not have before us the question of "limited" verses "unlimited" certification of the plaintiff as an RN. It was touched on briefly at oral argument, however.

Plaintiff's ability to read lips aids her in overcoming her hearing disability; however, it was argued that in certain situations such as in an operating room environment where surgical masks are used, this ability would be unavailing to her.

Be that as it may, in the medical community, there does appear to be a number of settings in which the plaintiff could perform satisfactorily as an RN, such as in industry or perhaps a physician's office. Certainly the plaintiff could be viewed as possessing extraordinary insight into the medical and emotional needs of those with hearing disabilities.

If the plaintiff meets all the other criteria for admission in the pursuit of her RN career,

under the relevant North Carolina statutes, N.C.Gen.Stat. §§ 90–158, *et seq.,* it should not be foreclosed to her simply because she may not be able to function effectively in all the roles which registered nurses may choose for their careers.

**6a.** See *Cherry v. Mathews,* 419 F.Supp. 922 (D.D.C.1976), for the history of the suit against HEW to compel it to promulgate regulations under § 504 of the Act, 29 U.S.C. § 794. *See also* n.9, *post.*

**7.** HEW construes "qualified" and "otherwise qualified" synonymously under the regulations. 42 Fed.Reg. at 22686.

**7a.** We limit our holding and our interpretation of the above-quoted regulations to the facts of this particular case. We do not, at this time, absent a more fully developed record below,

## IV.

## AFFIRMATIVE RELIEF

Since this case will be returned to the district court for further proceedings, we believe it would be appropriate, as guidance for the court below, to briefly discuss plaintiff's claim that the district court also erred by failing to consider that the college could be required to modify the nursing program so as to accommodate the plaintiff and her hearing disability. Plaintiff bases her entitlement to such "affirmative relief" also upon Section 504 of the Act, 29 U.S.C. § 794, and upon certain designated sections of the HEW regulations under Section 504.[8]

The position of the college was relatively clear—it was not prepared, from a faculty viewpoint, to adequately supervise and train the plaintiff during her clinical training. Therefore, it could not modify its program to compensate for plaintiff's hearing disability.

We believe the district court should give close attention, on remand, to the regulations upon which plaintiff relies, which are cited in footnote 8 of this opinion, and especially to 45 C.F.R. § 84.44(a), *Academic requirements*, which requires that:

A recipient . . . shall make such modifications to its academic requirements as are necessary to ensure that such requirements do not discriminate or have the effect of discriminating, on the basis of handicap, against a qualified handicapped applicant or student. * * Modifications may include changes in the length of time permitted for the completion of degree requirements, substitution of specific courses required for the completion of degree requirements, and adaptation of the manner in which specific courses are conducted.

and to 45 C.F.R. § 84.44(d)(1), *Auxiliary aids*, which requires that:

A recipient . . . shall take such steps as are necessary to ensure that no handicapped student is denied the benefits of, excluded from participation in, or otherwise subjected to discrimination under the education program or activity operated by the recipient because of the absence of educational auxiliary aids for students with impaired sensory, manual, or speaking skills.

Additionally, precedent likewise supports the requirement of affirmative conduct on the part of certain entities under Section 504, even when such modifications become expensive. *See e. g. United Handicapped Federation v. Andre*, 558 F.2d 413, 415–6 (8th Cir. 1977); *Lloyd v. Regional Transportation Authority*, 548 F.2d 1277, 1281–84 (7th Cir. 1977); *Barnes v. Converse College*, 436 F.Supp. 635, 637 (D.S.C.1977); *Hairston v. Drosick*, 423 F.Supp. 180, 184 (S.D.W.Va. 1976).

## V.

## OTHER CLAIMS—DAMAGES, DUE PROCESS, AND EQUAL PROTECTION

Both parties to this appeal presented other issues for our consideration. For the reasons stated below, we decline to pass upon them.

The college complains that plaintiff's attempt to secure monetary damages against it is precluded by the Eleventh Amendment immunity accorded the state, and its institutions. The district court below did not rule upon any damage request by the plaintiff, and indeed, ruled against her. Plaintiff did not raise the damage question on appeal, and we thus hold that any issue of damages could not, under any conceivable appellate theory, be before us and decline to discuss it further.

■ The plaintiff also argued that the district court's decision, upholding her exclusion from the nursing program, denied her due process of law and the equal protection of the laws under the Fourteenth

---

wish to expand further upon the regulations, their reasonableness, or their scope.

**8.** Plaintiff relies upon 45 C.F.R. §§ 84.42(a); 84.43(c); 84.44(a); 84.44(d); and 84.12(a). As hereinbefore noted, this listing of regulations is furnished only as illustrations to the district court of the argument advanced for the first time in this court on appeal. Of course, as we note in this opinion, repeatedly, the application and interpretation of the HEW regulations lie, in the first instance, with the district court.

Amendment of the United States Constitution. Because this appeal, thus far, has been disposed of on nonconstitutional, statutory grounds, we have no need to reach the constitutional questions which the plaintiff presented below. *See Gurmankin v. Costanzo,* 556 F.2d 184, 186 (3rd Cir. 1977); *Lloyd v. Regional Transportation Authority,* 548 F.2d 1277, 1280 (7th Cir. 1977).

Accordingly, the judgment is

AFFIRMED in part; VACATED in part; and REMANDED.[9]

### ORDER

The appellant's petition for rehearing and suggestion for rehearing en banc has been submitted to the court. One judge in active service requested a poll on the suggestion for rehearing en banc but the suggestion did not carry. Judge Russell and Judge Widener dissent from the denial of rehearing en banc and they would affirm the judgment of the district court.

IT IS ADJUDGED and ORDERED that the petition for rehearing is denied.

Entered at the direction of Judge Hall, with the concurrence of Judge Butzner. Judge Haynsworth dissents from the denial of the petition for rehearing.

---

**9.** The district court entered judgment for the defendant on December 22, 1976. *Davis v. Southeastern Community College, supra.* Thereafter, HEW promulgated the regulations applicable to Section 504, see n.6, *supra,* which regulations *presumably* became effective on June 3, 1977. 42 Fed.Reg. 22676 (May 4, 1977); *but see* 45 C.F.R. § 84.6(c).

On remand, and since the advent of the HEW regulations, the district court might also deem it advisable to consider other legal issues which we did not reach in this opinion, namely: (1) What is the effective date concerning the relevant sections of the HEW regulations, if any? (2) Did the promulgation of the Section 504 regulations by HEW, and specifically, 45 C.F.R. §§ 84.6–84.10, and separately 45 C.F.R. §§ 80.-6–80.10 and 45 C.F.R. Part 81 create administrative relief that must be exhausted? (3) Is

the doctrine of "primary jurisdiction" applicable, and if so, how? (4) Should administrative exhaustion and/or "primary jurisdiction" be applicable, should plaintiff be awarded any relief *pendente lite?*

Of course, we express no opinion on the merits concerning these issues, but at least one court has grappled with these issues that are not before us. *Crawford v. University of North Carolina,* 440 F.Supp. 1047 (M.D.N.C.—Magistrate's Findings and Order adopting same, entered Sept. 1, 1977, and Nov. 1, 1977, respectively; C–77–173–D; Ward, U.S.D.J.) (deaf handicapped graduate student seeking to compel provision of an interpreter to aid him in completing his school work); *see also Lloyd v. Regional Transportation Authority, supra,* at 1286, n.29.