**Daniel CAVALLARO, A Handicapped Child, by his parents, Joseph CAVALLARO and Donna Cavallaro, and Spencerport Central School District, Plaintiffs,**

v.

**Gordon M. AMBACH, Commissioner, New York State Department of Education, The New York State Public High School Athletic Association, Inc., The New York State Federation of Secondary School Athletic Association, The Eligibility Committee of The New York State Public High School Athletic Association, Inc., The Section V Eligibility Committee of the New York State Public High School Athletic Association, Inc., John D. O'Donnell, Alton B. Doyle and Bruce H. Johnson, Defendants.**

No. CIV–83–1205T.

United States District Court,
W.D. New York.

Nov. 16, 1983.

Allen & O'Brien, Rochester, N.Y. (Diane S. Katz, Rochester, N.Y., of counsel), for plaintiffs.

McGivern, Shaw & O'Connor, Scotia, N.Y. (Ronald R. Shaw, Scotia, N.Y., of counsel), Harris, Beach, Wilcox, Rubin & Levey, Rochester, N.Y. (William Goldman, Rochester, N.Y., of counsel), for defendants.

MEMORANDUM DECISION and ORDER

TELESCA, District Judge.

### INTRODUCTION

This is an action commenced pursuant to 42 U.S.C. Section 1983 and 29 U.S.C. Section 794 by Daniel Cavallaro, his parents and the Spencerport Central School District, alleging that Daniel has been discriminated against on the basis of his handicap and has been unlawfully denied the opportunity to participate in inter-scholastic wrestling. Presently before me is plaintiffs' motion for a preliminary injunction.

### FACTS

Daniel Cavallaro is a 19 year old boy who in September of this year began his senior year at Spencerport High School. He first entered the Spencerport School District in September of 1980 by enrolling in the Ninth Grade at the Trowbridge School. The year before, Daniel had attended a private school but had not successfully completed the Ninth Grade, which necessitated his repeating that grade at Trowbridge.

In his first year in the Spencerport district, Daniel's scholastic performance did not improve and he showed severe deficiencies in both Math and English. In May of 1981, he was referred to the Spencerport School District's Committee on the Handicapped, and after a series of psychological tests, the Committee determined that Daniel showed signs of neurological problems,

was developmentally behind, had a lack of motivation and a poor self-image. The Committee classified Daniel as neurologically impaired and referred him to the Spencerport Special Education Program for the learning disabled.

In his first year in the Spencerport School District, Daniel had participated in inter-scholastic wrestling. As part of its report, the Committee recommended that Daniel continue his involvement with athletics. Thereafter during Daniel's Sophomore and Junior years in high school, he evidently attained some distinction as an inter-scholastic wrestler. According to School Psychologists and teachers, this notoriety as an athlete enabled him to improve his self esteem with the resulting improvement in his academic work.

The present controversy involves Daniel's participation in wrestling in this his Senior year at high school. Under New York State Education Department regulation, 8 NYCRR Section 135.4 (C[iib]), an individual who has reached the age of 19, *prior to September 1st of that school year*, is prohibited from participation in inter-scholastic athletics.[1] Thus, according to the regulation, Daniel *is* precluded from wrestling in his Senior year. In addition to his age, the regulation also prohibits Daniel from participating in inter-scholastic sporting events because a student is only eligible to compete for four (4) consecutive years beginning with his enrollment in the Ninth Grade.[2] Since Daniel spent one year in Ninth Grade at a private school, and later repeated the Ninth Grade at Spencerport, his fourth consecutive year of eligibility was last year, his Junior year.

Aware of a problem due to Daniel's age, Joseph Clement, the Superintendent of Schools at Spencerport, sought a waiver of the applicable regulation from the New York State Public High School Athletic Association, Section V Eligibility Committee to allow Daniel to compete in his Senior year. On July 11, 1983 the Committee notified plaintiffs that the request for an extension of Daniel's eligibility had been denied citing the appropriate regulation. The letter also informed plaintiffs that an appeal of this decision was available to the Commissioner of Education.

Plaintiffs decided to forego the administrative appeal to the Commissioner, because of a recent decision by the Commissioner which indicated that, in his opinion, the age regulations were not waivable.[3] The present action was then commenced on October 21, 1983 by the filing of a complaint alleging discrimination based on Daniel's handicap in violation of 29 U.S.C. Section 794 and a denial of the Equal Protection of the Laws in violation of the Fourteenth Amendment of the United States Constitution and Title 42 U.S.C. Section 1983.

## DISCUSSION

### I.

Presently before me is plaintiffs' motion for a preliminary injunction. In

---

1. The Regulation states in pertinent part ... "a pupil shall be eligible for inter-school competition in grades 9, 10, 11 and 12 until his/her 19th birthday, except as otherwise provided in subclause (4) of clause (a) of this subparagraph. A pupil who attains the age of 19 years on or after September 1 may continue to participate during the school year in all sports.

2. 8 N.Y.C.R.R. Section 135.4 does provide for the waiver of this requirement "... if sufficient evidence is presented by the chief school officer to the league or section to show that the pupil's failure to enter competition during one or more seasons of a sport was caused by illness, accident, or other such circumstances deemed acceptable to the league, section, or association, such pupil's eligibility shall be extended accordingly."

3. Although Commissioner Ambach contends on this motion that his decision in *Matter of Allen,* No. 9153, November 1982, did not involve a handicapped child, and is therefore, inapposite, he has not indicated that his opinion as to the waivability of the regulation would be any different in a case such as this. Thus, for purposes of this motion, I will assume that defendant Ambach's position as to the waivability of the regulation here at issue is no different than that expressed in *Matter of Allen.* In any event, in a case such as this there is no clear authority which suggests that all administrative remedies must be exhausted prior to the commencement of an action. *See Miener v. State of Missouri,* 498 F.Supp. 944, (E.D.Mo.1980), *aff'd in part, reversed* on other grounds, 673 F.2d 969, (8th Cir.1982).

order for such motion to be granted, and an injunction issued, plaintiffs must demonstrate (a) that Daniel would otherwise suffer irreparable injury, *and* (b) either (1) a likelihood of success on the merits, *or* (2) sufficiently serious questions going to the merits to make them fair ground for litigation *and* a balance of hardships tipping decidedly in their favor. *Jackson Dairy Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2nd Cir.1979). It must be emphasized, because it is so often overlooked by litigants, that in order to utilize the lesser burden of showing "sufficiently serious question going to the merits", a plaintiff must make the additional showing that the hardships which would be imposed upon the plaintiff if the injunction does not issue, far outweigh the hardships which would be visited upon the defendants if the injunction does issue. Put simply, the equities must strongly favor the issuance of an injunction. *See Caulfield v. Board of Education*, 583 F.2d 605 (2nd Cir.1978).

Furthermore, where mandatory relief is sought, as distinguished from maintenance of the status quo, a strong showing of irreparable injury must be made since relief changing the status quo is not favored unless the facts and law presented clearly favor the moving party. *Doe v. New York University*, 666 F.2d 761 (2nd Cir.1981).

## II.

Assuming for the moment, that plaintiff's inability to participate in inter-scholastic wrestling in his Senior year will cause him irreparable injury, I proceed directly to evaluate the second prong of the test to decide if plaintiff has shown either a likelihood of success on the merits or a sufficiently serious question going to the merits to make them fair ground for litigation. Plaintiffs' have brought two claims in their complaint, one alleging discrimination in violation of 29 U.S.C. Section 794, and the second alleging denial of equal protection of the laws in violation of the Fourteenth Amendment of the United States Constitution and 42 U.S.C. Section 1983. In order to decide whether or not a preliminary injunction should issue, each of these claims must be examined to evaluate its merit.

### A. The Likelihood of Success of Plaintiffs' Section 794 Claim.

In order to state a claim under 29 U.S.C. Section 794 the plaintiff must first establish two jurisdictional prerequisites: (1) that the plaintiff is "handicapped" and (2) that the program in which the plaintiff would be involved is one which is federally funded. *Doe v. Region 13 Mental Health-Mental Retardation Commission*, 704 F.2d 1402 (5th Cir.1983). "Handicapped" is defined in 29 U.S.C. Section 706(7)(B) as "any person who (i) has a physical or mental impairment which substantially limits one or more of such persons major life activities, (ii) has a record of such an impairment, or (iii) is regarded as having such an impairment." "Major life activities" are defined in 45 C.F.R. Section 84.3(j)(2)(ii) as: "Caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working".

Daniel is alleged to have a neurological handicap which impedes his ability to learn. (Complaint para. 13). Thus, he falls arguably within the definition of handicapped person provided in the Act and at least for the purposes of this motion, has met the first jurisdictional standard. As for the second jurisdictional hurdle, the complaint is devoid of any allegations which indicate what federal funding is provided to the inter-scholastic wrestling program involved. This alone would be grounds to dismiss this claim without prejudice to replead the jurisdictional basis. However, because this is a preliminary injunction motion, and because of my ultimate decision below, I will assume at least for now, that plaintiffs' could amend their complaint to fulfill the federal funding prerequisite.

Section 794 states in pertinent part: "No otherwise qualified handicapped individual ... shall solely by reason of his handicap ... be excluded from participation in any federally funded activity". In essence,

plaintiff must prove that he is otherwise qualified to participate in inter-scholastic wrestling, but is being denied such participation solely by reason of his learning disability. *See Southeastern Community College v. Davis*, 442 U.S. 397, 99 S.Ct. 2361, 60 L.Ed.2d 980 (1979).

Plaintiff is unlikely to succeed on the merits of such a claim for two reasons. First, to qualify for inter-scholastic sports in New York State, a student must be 18 years of age or less on September 1st of that school year. Because Daniel has reached age 19 by the first of September of this year, it would seem that by definition he is not otherwise qualified to participate in wrestling. Additionally, it does not appear even remotely likely that plaintiffs' could establish at trial that the reason for the failure of defendants to waive the 19 year old rule in Daniel's case was "solely by reason of his handicap". Even if defendants did have the discretion to waive the rule which plaintiffs contend is mandatory where a handicapped child is involved, *see Doe v. Marshall*, 459 F.Supp. 1190 (S.D. Texas 1978), I do not believe that federal involvement in that decision would be appropriate.[4] The reason for an age limitation in inter-scholastic athletics is obviously to prevent older more experienced athletes from gaining an advantage over younger ones. In contact sports such as wrestling, a decided advantage in physical maturity may well lead to injuries to younger participants. If Daniel were a physically handicapped individual a far different question would be presented. However, Daniel's physical skills are excellent and clearly equal or superior to those of other 19 year olds. Thus, Daniel was treated identically to other non-physically handicapped 19 year olds and plaintiffs' have not established any likelihood of success in proving a discrimination claim.

## B. *Plaintiffs' Civil Rights Claims.*

For similar reasons, I do not believe plaintiffs' equal protection claim is likely to succeed on the merits. Even under the intermediate scrutiny standard proffered by plaintiff, *see Kampmeier v. Nyquist*, 553 F.2d 296 (2nd Cir.1977), I do not believe the facts thus far presented give rise to a valid equal protection claim. As stated above, no clearly disparate treatment has been established.

## C. *Conclusion.*

■ By any applicable legal theory, the plaintiffs' have failed to show a likelihood of success on the merits of any of their claims. By so holding, however, I do not intend to disregard or belittle the great strides Daniel has made in his scholastic achievement due, at least in part, to his success on the wrestling team. The story told by Daniel's teachers and psychologist are inspiring and I believe Daniel deserves much credit for his efforts. However, I cannot agree with plaintiffs' assertions that if Daniel does not participate in inter-scholastic wrestling in his Senior year, all of this progress will be lost. Although I do not pretend to possess the expertise that these professionals have in dealing with the education of handicapped children, I do believe that other methods could be utilized in preserving Daniel's motivation and self-esteem. For instance, State regulations do not prohibit Daniel from participating with the team in practice sessions, nor do they prohibit his involvement as an assistant coach to help other wrestlers with their training and skills. I suspect that if such an approach were attempted, it could well allow Daniel to build even further upon his past accomplishments.

Thus, the potential hardship to Daniel if the injunction does not issue fails to outweigh the more substantial probability of hardships created by possible injuries to younger wrestlers caused by their competition with a physically mature 19 year old.

---

**4.** This is not to say that there will never be circumstances in which a federal court has the power to suspend educational regulations which deprive handicapped students of an appropriate education. Cf. *Louisiana v. United States*, 380 U.S. 145, 154–156, 85 S.Ct. 817, 822–823, 13 L.Ed.2d 709 (1965).

Participation in organized sports yields many positive results throughout the formative years particularly as in Daniel's case, where it helped build his confidence and self esteem. But that participation also teaches that there are rules to be followed—by all who play—both on and off the playing field.

In conclusion, plaintiffs' have failed to meet the substantial burden necessary for entitlement to preliminary injunctive relief, and accordingly, plaintiffs' motion is denied.

SO ORDERED.