Kevin **FELLS, et al., Plaintiffs,**

v.

Donald **BROOKS, et al., Defendants.**

**Civ. A. No. 80–2981.**

United States District Court,
District of Columbia.

March 10, 1981.

Matthew Bogin, Washington, D. C., for plaintiffs.

Nancy R. Dorsch, Asst. Corp. Counsel, Washington, D. C., for defendants.

**32**

MEMORANDUM OPINION

JOHN H. PRATT, District Judge.

This is a motion for attorney's fees arising out of an action settled by stipulation. The action challenged arrangements made by the District of Columbia for the education of two physically handicapped, mentally retarded children living at the Forest Haven Home, the District's primary institution for the mentally retarded. In particular, plaintiffs, who are surrogate parents of the two children, alleged that the District's failure to provide adequate transportation from Laurel, Maryland, where Forest Haven is located, to the children's special education program at the Hospital for Sick Children, in Washington, D. C., caused the children to miss half their classes, violating their rights to an appropriate education guaranteed under a variety of federal statutes and decisions of this court. Plaintiffs sought a preliminary injunction to remedy the situation, as well as money damages for the violation of the children's rights.

The parties quickly settled the transportation issues, and stipulated that the District would add one bus and several drivers, repair another bus, and provide alternate transportation if the buses broke down for more than a day. Plaintiffs withdrew their motion for a preliminary injunction and their damage claims, leaving only the issue of attorney's fees for adjudication.

Plaintiffs have moved for fees under § 505 of the Rehabilitation Act of 1973, 29 U.S.C. § 794a(b) (Supp. II 1978), and under the Civil Rights Attorney's Fees Act of 1976, 42 U.S.C. § 1988 (1976 ed.). For the reasons stated below, the motion for fees under the Rehabilitation Act of 1973 is granted. We do not reach the issue of fees under the civil rights statutes.

*Discussion*

Plaintiffs substantially prevailed in this action, achieving by settlement most of what they sought to achieve by injunctive relief. They have now moved for attorney's fees under § 505(b) of the Rehabilitation Act of 1973, 29 U.S.C. § 794a(b) (Supp. II 1978), which provides that

in any action or proceeding to enforce or charge a violation of this subchapter, the court, in its discretion may allow the prevailing party . . . a reasonable attorney's fee as part of the costs.

The District opposes the motion on three grounds: first, that there is no private right of action under § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (1976 ed. & Supp. II 1978), which forbids discrimination against handicapped people in programs receiving federal assistance; second, that even if such a right of action exists, plaintiffs' failure to exhaust administrative remedies should bar the award of fees; and third, that the fee sought, $75 an hour for 16.8 hours work, is excessive and should be reduced. None of these contentions has merit.

A. *Right of Action*

■ "There is no longer any question about the existence of a private right of action to enforce plaintiff's statutory claims" under § 504 of the Rehabilitation Act of 1973. *Larry P. v. Riles*, 495 F.Supp. 926, 961 (N.D.Cal.1979). Every court of appeals which has ruled upon the issue has held that there is a private right of action under § 504. *Camenisch v. University of Texas*, 616 F.2d 127, 131 (5th Cir. 1980), cert. granted, —— U.S. ——, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1980); *National Ass'n for the Advancement of Colored People v. The Medical Center, Inc.*, 599 F.2d 1247, 1258–59 (3d Cir. 1979); *Davis v. Southeastern Comm. College*, 574 F.2d 1158, 1159 (4th Cir. 1978), rev'd on other grounds, 442 U.S. 397, 99 S.Ct. 2361, 60 L.Ed.2d 980 (1979); *United Handicapped Federation v. Andre*, 558 F.2d 413, 415 (8th Cir. 1977); *Kampmeier v. Nyquist*, 553 F.2d 296, 299 (2d Cir. 1977); *Lloyd v. Regional Transportation Authority*, 548 F.2d 1277, 1284–87 (7th Cir. 1977).

The Supreme Court's recent decision in *Cannon v. University of Chicago*, 441 U.S. 677, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979), arising under an analogous statute, reinforces the conclusion that a private right of action exists under § 504. In *Cannon*, the Court implied a right of action under Title

IX of the Education Act Amendments of 1972, 20 U.S.C. § 1681 et seq. (1976 ed.) which forbids sex discrimination in federally-funded educational programs. Section 504 forbids discrimination against otherwise qualified ha `dicapped people in federally-assisted programs, and does so in nearly identical language. Moreover, administrative remedies under both statutes are very similar, since both were modeled on Title VI of the Civil Rights Act of 1964. 42 U.S.C. § 2000d (1976 ed.). Thus private rights of action appear to exist under both statutes, and the existence of these rights is not contingent upon the exhaustion of administrative remedies under the statutes. *See Cannon v. University of Chicago, supra*, at 703–08, 99 S.Ct. at 1961–1963.

The legislative history of the attorney's fee provision explicitly supports the existence of a private right of action under § 504 of the Rehabilitation Act of 1973. The House Report on the 1978 Amendments stated that

> The new section [505] permits courts, at their discretion, to award to the prevailing party in any action or proceeding to enforce sections 501, 503, or 504 of the act a reasonable allowance to cover the costs of attorney's fees .... [S]ection 504 relates to nondiscrimination against the handicapped by recipients of federal assistance.

*H.R.Rep.No.*1149, 95th Cong., 2d Sess. 21 (1978), *reprinted* in [1978] *U.S.Code, Cong. & Ad.News* 7312, 7322. Thus Congress recognized that a private right of action exists under § 504, and sought to encourage use of that right of action by providing attorney's fees. *See Larry P. v. Riles, supra*, at 962 n. 73.

■ The weight of authority and considerations of practicality favor finding that a private right of action exists to challenge the adequacy of transportation for attendance at special education programs. Courts have already found that such actions may be used to challenge the adequacy of public transportation for handicapped people, *see, e. g., Lloyd v. Regional Transportation Authority, supra*, and to challenge the adequa-

cy of educational opportunities for handicapped children, *e. g., Boxall v. Sequoia Union High School District*, 464 F.Supp. 1104 (N.D.Cal.1979). Without adequate transportation these children will be denied an education as effectively as if there were no special education programs at all. Federal regulations recognize this reality, and require that adequate transportation be provided where handicapped children are to be educated outside normal elementary and secondary schools. 45 C.F.R. § 84.33(c)(2) (1979 ed.). Finally, in providing for the award of attorney's fees in 29 U.S.C. § 794a, it is clear that Congress intended that private parties enforce their rights under § 504. Absent a private right of action, there would be no reason to provide for attorney's fees.

Consequently, we find that plaintiffs have a private right of action under § 504 to challenge the transportation arrangements at issue here. The District's contention to the contrary is without merit.

## B. *Exhaustion of Administrative Remedies*

■ The District argues that even if plaintiffs have a private right of action, they should be denied attorney's fees for their failure to resort to the administrative process by filing "a complaint with the Department of Health, Education and Welfare (sic)," seeking to revoke unspecified federal financial assistance from the District.

■ This argument fails for three reasons. First of all, the administrative scheme under § 504 contains no provisions for emergency relief. *Camenisch v. University of Texas, supra*, at 133. Second, cutting off federal funds under § 504 was no more intended to be the remedy for discrimination against individual handicapped people in failing to provide benefits to which such persons are entitled by statute, than the same administrative scheme was under Title IX intended to be the remedy for individual victims of sex discrimination. *See Cannon v. University of Chicago, supra*, 441 U.S. at 703–08, 99 S.Ct. at 1961–1963. The regulations themselves state that:

It is not the intention of the Department, except in extraordinary circumstances, to review the result of individual placement and other educational decisions, so long as the school district complies with the process requirements of this subpart [concerning procedures for evaluation and placement].

45 C.F.R. § 84, App. A, ¶ 21, p. 387 (1979 ed.).

Resort to administrative remedies would have been pointless here for a third reason; federal assistance to the Forest Haven program has already been withdrawn. During the pendency of this action, the District allowed conditions at Forest Haven to deteriorate to the point where the Home lost its accreditation, and with it, six million dollars in federal funding. The Department of Human Services, apparently by agreement with the school board, is responsible for arranging transportation for the handicapped children to school, and the Department has already lost most of the federal money which would be at stake in the administrative process. Consequently, it is abundantly clear that resort to the administrative process would be an empty formality.

### C. *Amount of Fee*

■ The District protests that the $1,260 fee sought by plaintiffs' attorney is excessive. The Court of Appeals recently set forth "the appropriate mechanism for calculating an attorney's fee pursuant to statutes like Title VII," such as the Rehabilitation Act of 1973. *Copeland v. Marshall, et al.*, 641 F.2d 880, at 891 (D.C.Cir.1980). The fee setting inquiry should begin with the "lodestar: the number of hours reasonably expended multiplied by a reasonable hourly rate." *Id.*

### 1. *Hours Reasonably Expended*

Plaintiffs' attorney spent a total of 16.8 hours on this case, including investigation, drafting of the pleadings and motion for a preliminary injunction, settlement negotiations, and filing of the motion for fees. The time breaks down as follows:

5.3 hours—Investigate facts and draft plaintiff's declaration

6.3 hours—Draft complaint and other papers

1.2 hours—Filing

2.1 hours—Settlement talks with defendants' counsel

2.1 hours—Draft and file motion for attorney's fees

The District specifically objects that 6.3 hours for drafting the complaint and other papers is too long, given the similarity of this action to several others filed in this district, and given the fact that plaintiffs' attorney used the same memorandum in support of a motion for a preliminary injunction here as he used in another action before this court.

■ We reject this argument: 6.3 hours is not an unreasonably long time for the careful drafting of the pleadings and motions involved herein. It ill becomes the District to object to the amount of time spent in preparation, given their memorandum's reliance on *Copeland v. Marshall, et al.*, 594 F.2d 244 (D.C.Cir.1978) (*Copeland, I*), which was reversed en banc last September. *Copeland v. Marshall, et al.*, 641 F.2d 880 (D.C.Cir.1980) (*en banc*) (*Copeland, III*). Moreover, it should be noted that the District sought and received an extension of time to answer the pleadings, and found them of sufficient merit to settle the case favorably to the plaintiffs.

### 2. *Reasonable Hourly Rate*

■ Plaintiffs' attorney seeks reimbursement for his time at the rate of $75 an hour. The court must decide what a reasonable rate is by looking at prevailing rates in the community for similar work by attorneys of similar experience. *Copeland, III, supra*, at 892. Plaintiffs' counsel, Mr. Bogin, is a specialist in the area of special education litigation, a fact the District concedes. He has been in practice since 1975, and has taught and is publishing in the field of mental health law. In this litigation, he raised novel issues under the Rehabilitation Act of 1973 and other statutes, and resolved them promptly in his clients' favor.

This case is apparently the first occasion that this Court has invoked § 505 to award fees; thus there is no reported prevailing rate for cases of this kind in this jurisdiction. Two recent cases from the Southern District of New York, *Rodriguez v. New York City Police Dept.*, 80 Civ. 4784, Slip Op. (S.D.N.Y. Jan. 20, 1981); *Keyes v. New York City Dept. of Personnel, et al.*, 79 Civ. 5786, Slip Op. (S.D.N.Y. Aug. 22, 1980), report a number of fee awards under § 505, and show that an hourly rate of $75 an hour is at least $10 an hour less than is being charged by New York attorneys of comparable experience in these cases. This price differential is comparable to that reported between the two cities for other types of specialized litigation. Consequently, the court finds that the requested hourly rate is reasonable in the circumstances of this case.

### 3. *Adjustment to Fee Award*

"The burden of justifying any deviation from the 'lodestar' [award] rests on the party proposing the deviation." *Copeland, III, supra*, at 892. Plaintiffs' counsel seeks no such adjustments for the contingent nature of the case or for the quality of representation, *see id.*, at 892–894, apparently on the theory that the hourly rate adequately accounts for these factors.

The District's other objections to the fee award are not argued as contingency or quality adjustments, but instead focus on whether plaintiffs prevailed in the settlement of this action, and whether a private right of action exists under § 504 of the Rehabilitation Act of 1973. These issues have already been resolved in plaintiffs' favor, and are not a basis for making downward adjustments in the fee. Consequently, we conclude that no adjustment to the lodestar rate is appropriate here.

*Conclusion*

For the foregoing reasons, the court grants plaintiffs' motion for attorney's fees in the amount of $1,260.00. An order consistent with this opinion has been entered this day.