Carlotta **DAVIS, et al., Plaintiffs,**

v.

**DISTRICT OF COLUMBIA BOARD OF EDUCATION, et al., Defendants.**

Civ. A. No. 81–2069.

United States District Court, District of Columbia.

Jan. 21, 1982.

Michael J. Eig, Eig & Smith, Washington, D. C., for plaintiffs.

Julia L. Sayles, Asst. Corp. Counsel, District of Columbia, Washington, D. C., for defendants.

## MEMORANDUM OPINION AND ORDER

JOYCE HENS GREEN, District Judge.

This action was decided on its merits by a Memorandum Opinion and Order filed September 23, 1981, (reported at 522 F.Supp. 1102 (D.D.C.1981)). Plaintiffs sought declaratory and injunctive relief to compel the District of Columbia Public Schools to hold a proper due process hearing concerning the special education placement of Carlotta Davis, a learning disabled child. Plaintiffs had refused to continue to participate in a hearing in which the defendants would not allow the Hearing Officer to receive any information about possible placements for Carlotta except for information concerning the school proposed by the defendants. Plaintiffs sought to be able to present information about alternative proposals, and in particular about one private facility—the Christ Church Child Center—which plaintiffs felt was the only appropriate placement for their child. Plaintiffs wished the Court to declare that the Hearing Officer should not only have heard information about Christ Church, but also should have had the power to place Carlotta there if he found the schools' proposal inappropriate. Since the Hearing Officer had not acted according to plaintiffs' desires, plaintiffs asked the Court to place Carlotta directly into the program at the Christ Church Child Center.

This Court agreed with plaintiffs' major contention concerning the scope of the due process hearing, and ordered that the Hearing Officer consider any information the parents wished to present about the defendants' proposed school, the parents' proposed alternative, or any others. The Court held, however, that, in a hearing considering the schools' first proposal, the Hearing Officer could not decide to place Carlotta directly into any program not proposed by the defendants' but could only send the matter back to the schools for reconsideration in the event that its first proposal was not appropriate. The Court also declined to mandate placement for Carlotta in any particular program since a proper appropriateness hearing concerning the schools' proposal had not yet taken place before either a Hearing Officer or the Court.[1] Plaintiffs' action thus vindicated their rights under Section 615 of the Education for All Handicapped Children Act of 1975, 20 U.S.C. § 1415 (1976), Section 504 of the Rehabilitation Act of 1973 *as amended by* the Rehabilitation, Comprehensive Services and Development Disabilities Act of 1978, 29 U.S.C. § 794 (Supp. III 1979) and *Mills v. Board of Education of District of Columbia*, 348 F.Supp. 866 (D.D.C.1972).

The September 23, 1981, order also specifically stated that "[s]hould the parties be unable to reach an agreement concerning attorneys' fees, plaintiffs may seek relief with accompanying detail, verification and points and authorities upon the requested reopening of this case for such purpose." Memorandum Opinion and Order of September 23, 1981 at 18, 552 F.Supp. at 1112. Plaintiffs' counsel avers that defendants have responded to his fee request by stating that they refuse to pay any fee whatsoever, and that therefore plaintiffs must return to the court for resolution of this matter.

Plaintiffs request attorney's fees pursuant to Section 505 of the Rehabilitation Act of 1973, *as amended by* the Rehabilitation,

---

1. The memoranda submitted by both plaintiffs and defendants reveal that, after the Court's decision, a hearing was held in which the Hearing Officer found the defendants' original proposal to be inappropriate. The defendants' second proposal, made within the abbreviated time limits ordered by this Court, was the school which the parents desired, and was therefore not contested in a second due process hearing.

Comprehensive Services and Developmental Disabilities Act of 1978, 29 U.S.C. § 794a(b) (Supp. III 1979), the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988 (1976) and the "bad faith" doctrine. Since this Court has this day held in *Patsel v. District of Columbia Board of Education,* 530 F.Supp. 660 (D.D.C.1982) (Memorandum Opinion and Order granting attorney's fees), that fees may be awarded in this type of action under Section 505 of the amended Rehabilitation Act, the propriety of a fee award under either the Civil Rights Attorney's Fees Awards Act or the "bad faith" doctrine need not be reached.

For plaintiffs to be eligible for a fee award under Section 505, they must have "substantially prevailed" in their action. *Fells v. Brooks,* 522 F.Supp. 30, 32 (D.D.C. 1981). But for the instant action, plaintiffs would not have received the full due process hearing to which they were entitled under the Rehabilitation Act of 1973, Section 504 and *Mills v. Board of Education of District of Columbia, supra.* Although the Court did not adopt all of plaintiffs' propositions regarding the powers of the Hearing Officer at an initial due process hearing; it adopted none of the defendants' contentions. Hence, plaintiffs were certainly the prevailing parties in this action.

The amount of fees which should be awarded is calculated by the "lodestar" approach set forth in *Copeland v. Marshall,* 205 U.S.App.D.C. 390, 641 F.2d 880 (D.C.Cir. 1980) ("Copeland III"). "[T]he number of hours reasonably expended multiplied by a reasonable hourly rate", *Id.,* 205 U.S.App. D.C. at 401, 641 F.2d at 891, is found to be met by plaintiffs' counsel's fee claim, which does not propose any deviation from this formula. Defendants fail to present any basis for a downward deviation; consequently, the "lodestar" formula shall be followed as stated above. *Id.,* 205 U.S.App. D.C. at 402, 641 F.2d at 829, *Fells v. Brooks, supra,* 522 F.Supp. at 37.

The Court finds that the hours expended by counsel for his activity in this matter, including appearances in court and at due process hearings, as set forth in detail in a declaration filed by him, are eminently reasonable. The Court also finds that the hourly rate of $80.00 for counsel's time is reasonable. *See Patsel v. District of Columbia Board of Education,* 530 F.Supp. 660, at 667 (D.D.C.1982) (Memorandum Opinion and Order granting attorney's fees). The $169.70 costs expended or obligated are reasonable and reimbursement justified.

It is therefore, by the Court, this 21st day of January, 1982

ORDERED that plaintiffs be awarded $5,921.70 in attorney's fees and costs, defendants to pay said amount directly to plaintiffs' counsel, and counsel to reimburse plaintiffs for any amounts already paid by them to him.