**John DOE, Plaintiff,**

v.

**SYRACUSE SCHOOL DISTRICT: Lionel Meno, individually and as Superintendent of Syracuse City School District; Robert Cecile, individually and as President of Syracuse City School District's School Board; Dr. Robert DiFlorio, individually and as Personnel Director of Syracuse City School District, Defendants.**

No. 80–CV–188.

United States District Court, N. D. New York.

Feb. 26, 1981.

New York Civil Liberties Union, Syracuse, N. Y., for plaintiff; Gary Bunch, Syracuse, N. Y., of counsel.

Hancock, Estabrook, Ryan, Shove & Hust, Syracuse, N. Y., for defendants; James P. Burns, 3rd, Syracuse, N. Y., of counsel.

MUNSON, Chief Judge.

## MEMORANDUM–DECISION AND ORDER

This action was brought by plaintiff John Doe [1] under section 504 of the Rehabilitation Act of 1973, as amended (Act), 29 U.S.C. § 794 (Supp. III 1979), which prohibits discrimination against handicapped individuals in any program or activity receiving federal financial assistance. Defendant Syracuse School District is a recipient of federal funds and is therefore bound under the provisions of the Act. Defendants Lionel Meno, Robert Cecile, and Robert DiFlorio are the District Superintendent, School Board President, and District Personnel Director, respectively. Jurisdiction is predicated upon 28 U.S.C. § 1343(3)(4).

Plaintiff claims that the School District failed to hire him as a teacher's assistant and substitute teacher solely because of his prior mental illness, thereby violating the provisions of the Act. Specifically, plaintiff's second cause of action asserts that the defendant School District made impermissible pre-employment inquiries and refused to hire plaintiff because of his answers to those questions. In response, the defendants argue that plaintiff was not hired because they were overstaffed in plaintiff's area of expertise.

This cause is presently before the Court upon plaintiff's motion for reconsideration. Plaintiff claims that the Court was mistaken in its Memorandum-Decision and Order dated September 30, 1980, when it denied plaintiff's motion for partial summary

---

1. In order to protect his privacy, and with regard for the personal nature of this case, plaintiff is proceeding under the pseudonym "John Doe" pursuant to an Order of this Court dated February 26, 1980.

judgment as to his second cause of action, which alleged violation of the Rehabilitation Act, 29 U.S.C. § 794, and 45 C.F.R. § 84.14. Defendants have cross-moved to dismiss plaintiff's second cause on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure insofar as it alleges that an impermissible pre-employment inquiry violates the Act. Upon careful reconsideration, the Court has determined that there are no material issues of fact in dispute with regard to plaintiff's regulatory claim in his second cause of action and that he is entitled to judgment on this issue as a matter of law.[2] Therefore, plaintiff's motion for reconsideration, and with it, plaintiff's original motion for partial summary judgment, must be granted in part. The denial of the plaintiff's summary judgment motion regarding his statutory claim remains unchanged at this time, given the existence of disputed, triable issues of material facts.

## FACTS

In January of 1980, plaintiff discussed employment opportunities with a Ms. Spellman, the Social Studies Supervisor of the Syracuse School District. Plaintiff is apparently certified by the State of New York as a social studies teacher. Consequently, after this conversation, plaintiff submitted his application for the position of teacher's assistant and substitute teacher.

During the course of plaintiff's application procedures, he was asked to complete a vital statistics form. The 31st question on that form inquired whether he had experienced, or had ever been treated for any "migrane, neuralgia, nervous breakdown, or psychiatric treatment." Plaintiff responded affirmatively and it was then disclosed that he had suffered a nervous breakdown during his service with the United States Air Force. In addition, plaintiff also disclosed that as a result of this event and based upon a diagnosis of schizophrenic reaction, he was receiving one hundred percent disability benefits from the Veterans Administration. Following these disclosures, plaintiff was examined by Dr. Paul P. Stobnicke, the School District Physician, and Dr. Alden Starr, the School District Psychiatrist. Dr. Stobnicke found plaintiff to be physically and mentally qualified for the teaching position, subject only to a review after six months. Plaintiff's application for employment was then rejected by the School District, and he commenced this lawsuit on February 26, 1980.

## REHABILITATION ACT OF 1973

[1] Section 504 of the Rehabilitation Act of 1973 reflects a Congressional determination that programs receiving federal financial assistance are to be operated without discrimination based upon an individual's physical and/or mental handicap. In pertinent part, the statute provides that:

[n]o otherwise qualified handicapped individual in the United States, as defined in section 706(7) of this title, shall, solely by reason of his handicap, be excluded from the participation in, be denied the bene-

2. Much of the confusion surrounding this case and the present motion stems from the somewhat ambiguous form of plaintiff's legal papers. Although plaintiff's motion for partial summary judgment contains the statement:

Plaintiff's second action is that the defendants, by asking him during a physical examination administered by defendant, Syracuse School District, whether he had ever experienced a nervous breakdown or had undergone psychiatric treatment, made impermissible pre-employment inquiries in violation of 45 C.F.R. § 84.14,

the second cause of action in plaintiff's complaint alleges in pertinent part:

18. Plaintiff during the examination was asked whether he had ever experienced a nervous breakdown and if so describe his past emotional problems. 22. Defendants impermissive inquiries described in paragraph eighteen violated plaintiff's statutory rights under 29 U.S.C. 794 and the regulation thereunder. C.F.R. Title 45, Part 84.

Thus, in plaintiff's own complaint, there seems to be some confusion as to whether his second cause of action is grounded in the broad language of the Act, or in a particular regulation promulgated thereunder, or possibly both.

It is for this reason, that the Court in its first Memorandum-Decision and Order denied plaintiff's motion believing that triable issues of fact still remained with respect to plaintiff's broader statutory claims.

fits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance....

29 U.S.C. § 794. A handicapped individual is defined as:

any person who (i) has a physical or mental impairment which limits one or more of such person's major life activities; (ii) has a record of such impairment; or (iii) is regarded as having such an impairment.

29 U.S.C. § 706(7)(B).[3]

■ Section 504 of the Act clearly requires all recipients of federal funds to avoid discrimination against handicapped individuals. *Lloyd v. Regional Transp. Auth.,* 548 F.2d 1277, 1280–86 (7th Cir. 1977); S.Rep.No.1297, 93d Cong., 2d Sess., *reprinted in* (1974) U.S.Code Cong. & Ad. News 6373, 6390–91. The section also confers a private right of action upon aggrieved handicapped individuals. *Davis v. Southeastern Community College,* 574 F.2d 1158, 1159 (4th Cir. 1978), *rev'd on other grounds,* 442 U.S. 397, 99 S.Ct. 2361, 60 L.Ed.2d 980 (1979); *Leary v. Crapsey,* 566 F.2d 863, 865 (2d Cir. 1977); *United Handicapped Fed'n v. Andre,* 558 F.2d 413, 415 (8th Cir. 1977); *Lloyd v. Regional Transp. Auth., supra; see also Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975) (opinion setting out the four factors relevant to a determination of whether a private remedy is implicit in a statute which does not explicitly provide for one).

In order to effectuate this sweeping policy, President Gerald R. Ford directed that the Secretary of Health, Education and Welfare establish rules and regulations necessary to carry out the provisions of section 504; Exec.Order No. 11914, 41 Fed.Reg. 17,871 (1976); these regulations were established in 1977 and are now promulgated in 45 C.F.R. Part 84 (1979).

One basis for plaintiff's second cause of action lies in an alleged violation of 45 C.F.R. § 84.14. This provision limits the scope of pre-employment inquiries. Specifically, it provides that:

a recipient (of federal funds) may not conduct a pre-employment medical examination or may not make pre-employment inquiries of an applicant as to whether the applicant is a handicapped person or as to the nature or severity of a handicap. A recipient may, however, make pre-employment inquiry into an applicant's ability to perform job-related functions.

45 C.F.R. § 84.14(a).

Plaintiff contends that by asking him whether he had ever experienced a nervous breakdown or had undergone psychiatric treatment, the defendant violated 45 C.F.R. § 84.14 thereby entitling plaintiff to judgment as a matter of law. The defendant argues, however, that its inquiries were made solely to determine plaintiff's present ability to teach, rather than to discriminate against plaintiff based on his pre-existing condition. In the alternative, the defendant argues that even if its inquiries were impermissive, the plaintiff must still prove that he is "otherwise qualified" for the position, and that his handicap was the sole reason for his nonhiring. The Court must, therefore, determine whether the administrative regulation was violated, and if it was, whether that violation will give rise to strict liability.

### 45 C.F.R. § 84.14

Section 84.14 was promulgated to limit the scope of pre-employment inquiries relat-

---

**3.** Plaintiff's ability to meet the definition of a handicapped individual under 45 C.F.R. § 84.-3(j) is unchallenged. Plaintiff has a record of a physical or mental impairment as defined in 45 C.F.R. § 84.3(j)(2)(i), and is likely to be regarded as having such an impairment by the School District. 45 C.F.R. § 84.3(j)(2)(iv). The regulations specifically recognize that persons with histories of mental or emotional illness are beneficiaries of the Act. 45 C.F.R., Part 84, Appendix A, subpart A(3), p. 378, 42 Fed.Reg. 22,686 (1977). In addition, the courts have similarly acknowledged that persons with mental or emotional illnesses or histories of the same are handicapped within the meaning of the Act. *E.G., Doe v. Colautti,* 592 F.2d 704 (3d Cir. 1979); *Doe v. Marshall,* 459 F.Supp. 1190 (N.D.W.Va.1976). Therefore, the Court finds that plaintiff has proper standing as a handicapped person to sue under the provisions of section 504.

ing to a potential employee's handicap. In this fashion, an employer is required to base the hiring decision on a person's actual job qualifications, rather than on any perceived limitations. As the regulation expressly provides, a recipient of federal funds "may not make pre-employment inquiry of an applicant as to whether the applicant is a handicapped person or as to the nature or severity of a handicap." 45 C.F.R. § 84.-14(a). Therefore, any inquiry relating to a handicap ordinarily would not be permitted, unless such inquiry relates to an applicant's ability to perform job related functions. *Id.* For example, an employer may not ask whether the applicant is an epileptic, but may ask whether the person can perform a particular job without endangering other employees. 45 C.F.R. Part 84, Appendix A, subpart B(18), p. 384, 42 Fed.Reg. 22,689 (1977).

Defendant does not deny that it asked plaintiff whether he was mentally ill or had even been treated for a mental illness; thus, the Court must resolve the question whether such inquiry violated the import of section 84.14. By asking plaintiff about his prior medical and/or emotional condition, defendant claims that it was preparing a complete history of the applicant to determine his present ability to perform the tasks to which he might be assigned. This claim is supported by the testimony of Dr. Stobnicke, the School District Physician, who, in an examination before trial, indicated that the District needed to be apprised of all relevant information pertaining to an applicant. As one example, Dr. Stobnicke stated that if an applicant told him that he was a child molester, the doctor would say, "[h]ey, you won't be in the school system with kids. Let's see if we can't find something else for you." E.B.T. at p. 23.

■ Although the defendants contend that the School District's inquiry was job-related, this assertion is inconsistent with defendants' prior admissions. In its answer, the defendants not only admitted that a history of treatment for mental or emotional problems is no indication of present

mental or emotional problems, but they also admitted that a history of treatment for mental or emotional problems is not an indication of plaintiff's present fitness for a position as a teacher's assistant or substitute teacher. Defendant's Answer ¶ 6. At the very minimum, this Court finds that defendant's inquiry was impermissibly phrased. If defendant sincerely wanted to employ persons that were capable of performing their jobs, all it had to ask was whether the applicant was capable of dealing with various emotionally demanding situations. In its present form, however, defendant's question violates both the letter and spirit of section 84.14.

The Secretary of Health, Education and Welfare concluded that a general prohibition of pre-employment inquiries was the most appropriate method for effectuating Section 504 of the Act. 45 C.F.R. Part 84, Appendix A, subpart B(18), p. 384, 42 Fed. Reg. 22,689 (1977). The Court agrees with the Secretary's conclusion and finds that the defendant's pre-employment inquiry was precisely what the regulation sought to eliminate. In view of the above, the Court finds that the defendant violated 45 C.F.R. § 84.14. Therefore, the only remaining question is whether such violation entitles plaintiff to judgment as a matter of law.

## MOTION FOR SUMMARY JUDGMENT

■ It is well established, that on a motion for summary judgment, the moving party has the burden of showing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 444–45 (2d Cir. 1980); *Robertson v. Seidman & Seidman*, 609 F.2d 583, 591 (2d Cir. 1979); *Heyman v. Commerce & Indus. Ins. Co.*, 524 F.2d 1317, 1319 (2d Cir. 1975). Inasmuch as the Court has found that the defendant's pre-employment inquiry violated 45 C.F.R. § 84.14, no genuine issue of material fact remains with respect to plaintiff's second cause of action.[4] Moreover, it has been generally accepted, that properly promulgated, substantive agency regulations have the "force and ef-

---

4. Although plaintiff is entitled to judgment on his second cause of action, such a finding does

not require that the defendants be found in violation of the Act itself. As this Court ob-

fect of law." *Chrysler Corp. v. Brown*, 441 U.S. 281, 295, 99 S.Ct. 1705, 1714, 60 L.Ed.2d 208 (1979); 3 Mezines, Stein, Gruff, *Administrative Law* § 14.01 (1979). For these reasons it is hereby

ORDERED, that plaintiff's motion for reconsideration, and with it, plaintiff's original motion for partial summary judgment as to the asserted violation of 45 C.F.R. § 84.14, set forth in his second cause of action, be, and the same is hereby granted to the extent specified above; and it is further

ORDERED, that the defendants are hereby enjoined from inquiring, during the non-medical application process, of prospective job applicants whether they have ever experienced, or have ever received treatment for any mental illnesses; and it is further

ORDERED, that the defendants' motion for judgment on the pleadings be, and the same is hereby denied at this time.

A hearing will be held at a later time to determine the issue of damages.

It is SO ORDERED.

served in its first Memorandum-Decision and Order, common sense dictates that an impermissive pre-employment inquiry does not necessarily establish that the defendant Syracuse School District violated the prohibitions of the statute. Instead, violation of such a regulation is persuasive evidence that the defendant Syracuse School District engaged in discriminatory conduct within the meaning of the Act. The answer to this later question is more appropriately reserved for a trial on the merits.