Geneva JOHNSTON, for herself and a class of similarly situated persons, Plaintiff,

v.

MORRISON, INC., d/b/a Morrison's Cafeteria; d/b/a Morrison, Inc. Specialty Restaurant Division; d/b/a L & N Seafood; and Michael Mitchell, Defendants.

No. CV–93–N–517–M.

United States District Court, N.D. Alabama, Middle Division.

April 20, 1994.

John Lee Quinn, Robert Moore Weaver, Longshore Nakamura & Quinn, Birmingham, AL, for plaintiff.

Cornelius R. Heusel, New Orleans, LA, Jonathan Scott Harbuck, Kullman Inman Bee Downing & Banta, Birmingham, AL, for defendants.

## MEMORANDUM OF DECISION

(Corrected Decision)

EDWIN L. NELSON, District Judge.

This is a disability discrimination action brought pursuant to applicable provisions of the Americans with Disabilities Act, 42 U.S.C. § 12112(d)(2)(A) ("ADA"). Plaintiff, Geneva Johnston ("Johnston"), alleges that defendant, Morrison, Inc. ("Morrison"), required her to complete an employment application form that included a pre-employment inquiry which is prohibited by the act. (Complaint, p. 4)[1] Ms. Johnston also alleges that on December 31, 1992, she was assaulted and battered by defendant Michael Mitchell ("Mitchell"). (Complaint, p. 6) The court presently has for consideration the defendant's motion for summary judgment. The issues have been briefed and submitted for decision at the court's regularly scheduled motion docket on Friday, March 25, 1994. The motion will be granted and the action will be dismissed.[2]

Ms. Johnston was hired as a food server in Morrison's L & N Seafood restaurant in Birmingham, Alabama, on September 18, 1992, and was employed there until Decem-

---

1. In her complaint, Ms. Johnston complained of two questions on the application. One, regarding her employment history and reasons for leaving earlier jobs, was omitted by the plaintiff from her position statement in the pretrial order and is, therefore, withdrawn. The other—"Do you have any condition which will prohibit you from performing the essential functions of the job for which you are applying?"—remains in the case.

2. The state law claim for assault and battery will be dismissed without prejudice. See 28 U.S.C. § 1367(c)(3).

ber 31, 1992, as a food server.[3] (Pretrial Order, pp. 2–3) She contends that she suffers from mitral valve prolapse, dysautonomia, panic attack disorder, and hypoglycemia, rendering her unable to perform the duties of a food server. (Pretrial Order, pp. 3–4) Morrison learned of the plaintiff's conditions after she began working as a food server and, thereafter, assigned her to the least busy work station in the restaurant where she was responsible for the fewest number of customers. (Pretrial Order, p. 5) On December 31, 1992, the restaurant became very crowded[4] and Ms. Johnston stated that she suffered what she described as a "meltdown" because she was unable to handle the pressure of the work. (Pretrial Order, p. 5) Ms. Johnston alleges that on December 31, 1992, while in the midst of her "meltdown," Mr. Mitchell "grabbed and twisted [her] arm and dug his fingernails into her skin, breaking the skin." (Pretrial Order, p. 7)[5]

Under the ADA, "[n]o covered entity shall discriminate against a qualified individual with a disability." 42 U.S.C. § 12112(a). A "qualified individual with a disability" is one "who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). Since the plaintiff's disability plainly prevented her from performing the essential functions required of a food server at Morrison's L & N Seafood restaurant, with or without reasonable accommodation, the Court finds the plaintiff is not a qualified individual as that term is defined in the ADA and, for that reason, she cannot prevail on her ADA claim.

"The term *essential functions* means the fundamental job duties of the employment position the individual with a disability holds or desires." 29 C.F.R. § 1630.2(n)(1). Morrison required that food servers in its L & N Seafood restaurant know and be able to communicate the ingredients, portion sizes, and prices of all of the dishes on the menu. (Johnston deposition, p. 134) Morrison has the right to determine that an essential function of being a food server at its L & N Seafood restaurant includes knowing and being able to communicate the ingredients, portion sizes, and prices of items on the menu. *See* 42 U.S.C. 12111(8) ("consideration shall be given to the employer's judgment as to what functions of a job are essential") and 29 C.F.R. § 1630.2(n)(3)(i) (an employer can determine which functions are essential). Plaintiff testified that Morrison constantly made changes in what she was required to know and be able to communicate to the customers. (Johnston deposition, p. 134) Morrison also has the right to determine whether changes in matters such as food ingredients, portion sizes, and pricing are necessary in order to stay competitive. *See* 29 C.F.R. § 1630.2(n)(3)(i) and 29 C.F.R. § 1630.2(n)(3)(iv) (the consequences of not requiring the incumbent to perform the function can be used to determine whether a function is essential).

However, Ms. Johnston testified that, because of her disability, she could not handle such changes. (Johnston deposition, pp. 136–39) She testified that changes of the kind described caused "a panic attack all the

---

3. The parties, at the pretrial conference, agreed that certain facts were undisputed. That agreement has been memorialized in the pretrial order. Many of the facts set out in this opinion come from that pretrial order.

4. Ms. Johnson described the restaurant that evening as a "mad house."

5. The plaintiff stated that her conditions make her prone to migraine headaches, racing heartbeat, and panic attacks during which she is completely unable to function, requiring her often to leave work and return home to rest and recuperate. Ms. Johnston had experienced similar employment problems in the past. As set out in the "undisputed" facts in the pretrial order, her employment history included the following:

1. She was discharged at the Red Lobster in Irondale, Alabama, because she was unable to handle the work;
2. She was forced to quit her job at Burger King in Albertville, Alabama, because she was too slow but would have been discharged had she not quit;
3. She was allowed to quit her job at Pasquale's Pizza in Boaz, Alabama, in lieu of being discharged;
4. She was forced to quit a job at a Pizza Hut in Trussville, Alabama, because she could not handle the stress.
5. She was unable to handle the work at the Omelet Shoppe in Albertville, Alabama, when she was the only server present, and she had to quit. (Pretrial Order, pp. 3–4)

time," and these attacks resulted in "constant headache, constant fear," and "confusion inside." (Johnston deposition, p. 137) She stated that "[t]he constant changes just screwed up [her] whole body." (Johnston deposition, p. 138) If Ms. Johnston were not required to perform the essential function of learning and communicating information concerning ingredients, portion sizes, and prices, then she would be something other than a food server as defined by the day-to-day operation at Morrison's L & N Seafood restaurant. "The essential functions are by definition those that the individual who holds the job would have to perform, with or without reasonable accommodation, in order to be considered qualified for the position." Interpretive Guidance on Title I of the Americans with Disabilities Act, 29 C.F.R.App. § 1630.-2(o).

Ms. Johnston also testified that her disability prevented her from performing her food server duties when Morrison's L & N Seafood restaurant became crowded. (Johnston deposition, pp. 169–70) She stated that in order to accommodate her disability Morrison assigned her to the restaurant's least busy area where she was responsible for the fewest number of tables. (Johnston deposition, p. 161) Even with this accommodation, however, Ms. Johnston stated that she was unable to handle the work when the restaurant became crowded. (Johnston deposition, pp. 169–70) She testified that on December 31, 1992, the restaurant was "packed" (Johnston deposition, p. 169) and that due to the pace of the work she suffered a "meltdown." (Pretrial Order, p. 5)

Under the ADA, a reasonable accommodation may include "job restructuring, part-time or modified work schedules," 42 U.S.C. § 12111(9)(B); however, "[a]n employer or other covered entity is not required to reallocate essential functions." Interpretive Guidance on Title I of the Americans with Disabilities Act, 29 C.F.R.App. § 1630.2(o). Ms. Johnston's food server position required her to serve the customers in her work station. Morrison was not required to provide another employee to handle the plaintiff's food server duties. *See* Interpretive Guidance on Title I of the Americans with Disabilities Act,

29 C.F.R.App. § 1630.2(o). *See also Coleman v. Darden,* 595 F.2d 533, 540 (10th Cir.), *cert. denied,* 444 U.S. 927, 100 S.Ct. 267, 62 L.Ed.2d 184 (1979) (under the Rehabilitation Act, an employer may be required to have someone assist the disabled individual to perform the job, but the employer is not required to have someone perform the job for the disabled individual). Morrison also was not required to simply remove plaintiff from her work station when her work station became crowded. In cases interpreting the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq., courts have found that an employee's inability to work necessary hours justified an employee's termination. *See Guice–Mills v. Derwinski,* 967 F.2d 794 (2nd Cir.1992) (where employee was not qualified for a head nurse position because her disability prevented her from working at her nursing station at a necessary time). *See also* Russell G. Donaldson, *Employee's Inability to Work Particular Hours Due to Disability as Grounds for Termination or Refusal of Employment, Notwithstanding Federal Statute or Regulation Requiring Employer to Make Reasonable Accommodation of Disability,* 116 A.L.R.Fed. 485 (1993).

Ms. Johnston contends that until December 31, 1992, she was able to perform her duties as a food server with the accommodation Morrison provided. (Plaintiff/Opponent's Responsive Submission in Response to Exhibit D of the Court's Order, pp. 6–7) Plaintiff would segregate her employment experience at Morrison's restaurant on December 31, 1992, from the remainder of her employment there, apparently conceding that she was unable on that evening to perform the essential functions of the job of food server. However, Ms. Johnston's position as a food server required her to perform her duties during all times she was at her work station, whether the situation presented slow or busy periods. Ms. Johnston's employment at L & N Seafood during December 31, 1992, may not be viewed as a discrete incident in determining whether she is a qualified individual for purposes of the ADA. Her employment during December 31, 1992, is relevant, because it shows that her disabilities caused her to suffer a "meltdown" when her work station became busy, and thus, she

780

was unable to perform the essential functions of the job.

In conclusion, Ms. Johnston's disability prevented her from performing the essential functions required of a food server at Morrison's L & N Seafood restaurant. Since she cannot perform the essential functions of the position, she is not a qualified individual for purposes of the ADA. Since the 42 U.S.C. § 12112(a) requirement that plaintiff be a "qualified individual with a disability" has not been met, the Court need not address whether Morrison's pre-employment inquiries would otherwise have been in violation of 42 U.S.C. § 12112(d)(2)(A).

The Court concludes that there is no genuine issue of material fact as to the ADA claim and that the defendant is entitled to judgment as a matter of law; therefore, the defendant's motion for summary judgment will be GRANTED and the ADA claim will be dismissed. Since plaintiff now lacks any independent basis for federal jurisdiction, the state law tort claim will be dismissed without prejudice.[6]

6. Because the claim upon which the class action allegations are predicated will be dismissed, the defendant's motion to dismiss all class related claims is moot.