**Randy D. GRIFFIN, Plaintiff,**

v.

**STEELTEK, INC., an Oklahoma corporation, Defendant.**

**No. 97–C–136–K.**

United States District Court, N.D. Oklahoma.

May 19, 1997.

Steven R. Hickman, Frasier Frasier & Hickman, Tulsa, OK, for Randy D. Griffin.

William S. Leach, Rhodes Hieronymus Jones Tucker & Gable, Tulsa, OK, for Steeltek, Inc.

## ORDER

KERN, Chief Judge.

Before the Court is Defendant's Motion to Dismiss (docket # 4).

*Statement of Facts*

This case involves a claim of employment discrimination under the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA").

On April 26, 1996, Plaintiff filed out an application for employment as a grinder with Defendant pursuant to a newspaper advertisement for the position. The application form asked various questions regarding the Plaintiff's education and work experience, and also included the following questions: "Have you received Workers' Compensation or Disability Income payments?" "Have you any physical defects which preclude you from performing certain jobs?" "If yes, describe." On the application form, Plaintiff described his Worker's Compensation/Disability Income payment as "3 degree burn to hand and foot, surgery to elbow, spain [sic] in shoulder". Plaintiff did not describe any physical defects which would preclude him from performing certain jobs. Plaintiff claims that he was told at the time that he was the most qualified applicant at that time, which he understood to indicate that he would be hired. Several days later, the Plaintiff called the Defendant to check the status of his application, and was informed that no decision had been made. Later, the Plaintiff was informed that someone else was hired for the position.

The Defendant has submitted affidavits indicating that the position in question had an unwavering requirement of two years of prior experience as a grinder, and that the Plaintiff was not hired solely because he did not possess the requisite experience level. However, the parties dispute whether this

requirement was ever revealed to the Plaintiff, or whether the requirement actually existed.

### Summary Judgment Standard [1]

Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." *Fed R. Civ. P.* 56(c). The Court must view the evidence and draw any inferences in a light most favorable to the party opposing summary judgment, but that party must identify sufficient evidence which would require submission of the case to a jury. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–52, 106 S.Ct. 2505, 2510–12, 91 L.Ed.2d 202 (1986). "A fact is 'material' only if it 'might affect the outcome of the suit under the governing law,' and a dispute about a material fact is 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the non-moving party.'" *MacDonald v. Delta Air Lines*, 94 F.3d 1437, 1440 (10th Cir.1996) (*citations omitted*). Where the nonmoving party will bear the burden of proof at trial, that party must "go beyond the pleadings" and identify specific facts which demonstrate the existence of an issue to be tried by the jury. *Mares v. ConAgra Poultry Co., Inc.*, 971 F.2d 492, 494 (10th Cir.1992).

### Discussion

Defendant argues that summary judgment should be granted in this case because the Plaintiff has failed to establish a prima facie case of disability discrimination under the ADA. Specifically, Defendant asserts that the Plaintiff was neither disabled as defined under the ADA, nor qualified for an employment position as a grinder. Plaintiff asserts that summary judgment is inappropriate, because the Defendant violated the ADA by asking improper questions regarding Plaintiff's disabilities before an offer of conditional employment was made. Defendant responds by insisting that the Plaintiff has no standing to bring a claim under the ADA as he is not a person with a disability under the Act. The Plaintiff admitted in his response brief that

he is not claiming to be either disabled or perceived as disabled, but that his claim is based solely on the fact that the Defendant violated the ADA by asking prohibited questions. Thus, it appears that the issue presented is whether the provisions of the ADA prohibiting pre-employment, non-business related medical inquiries provide a cause of action for an individual who is not disabled as defined under the ADA.

The ADA prohibits discrimination against qualified individuals with a disability because of the disability of such individual in regard to job application procedures, hiring, discharge, and other terms, conditions, and privileges of employment. 42 U.S.C. § 12112(a). Additionally, the ADA prohibits employers from conducting a medical examination or making inquiries of a job applicant as to whether such applicant is an individual with a disability or as to the nature or severity of such disability. 42 U.S.C. § 12112(d)(2)(A). The Equal Employment Opportunities Commission ("EEOC") has promulgated interpretive guidelines pertaining to these provisions which make it clear that employers are not to inquire about an applicant's workers' compensation history. *See* Appendix to 29 C.F.R. § 1630.13(a) (1996).

There is no explicit language in Title I of the ADA providing a cause of action for non-disabled job applicants pursuant to 42 U.S.C. § 12112(d)(2)(A). Although that subsection does define such inquiries as discrimination, it also makes a direct reference to subsection (a), which is the general rule prohibiting discrimination against a *qualified individual with a disability*. Additionally, the EEOC regulations specify only defenses to disparate treatment charges brought under §§ 1630.4 through 1630.8, and 1630.11 through 1630.12. *See*, 29 C.F.R. § 1630.15. There is no mention in the regulations of a defense to a disparate treatment charge arising solely out of a 42 U.S.C. § 12112(d)(2)(A) violation. Similarly, the purpose statement of the ADA clearly indicates that the ADA was intended to prevent discrimination against individuals

---

1. As both parties have relied on information and evidence outside of the initial pleadings, this motion was properly converted into a Motion for Summary Judgment pursuant to *Fed R. Civ. Pro.* 12(b).

who are disabled, or who suffer discrimination because they are perceived as disabled. *See,* 42 U.S.C. § 12101(b) (stating four purposes for the ADA; each of which specifically mention individuals *with disabilities* ). The Court has found only one case addressing this issue.

In *Armstrong v. Turner Indus., Ltd.,* 950 F.Supp. 162 (M.D.La.1996), the plaintiff alleged that he was denied a job as a pipefitter because he was regarded as having a disability. *Id.* at 163. Additionally, the plaintiff alleged that, whether he was perceived as disabled or not, he was subjected to prohibited medical inquiries before a conditional offer of employment was extended, and thus was entitled to bring a cause of action against the defendant. *Armstrong,* 950 F.Supp. at 163. The defendant in *Amstrong* contended that it was entitled to summary judgment on the ground that the plaintiff was not perceived as disabled. *Id.* The defendant further argued that even if the plaintiff were perceived as disabled, he was fired because he falsified job application forms rather than because of any disability. *Id.* The defendant also maintained that, because the plaintiff was not disabled as defined in the ADA, he could not assert a violation of 42 U.S.C. 12112(d)(2)(A). *Id.*

After determining that the plaintiff was not disabled as defined in the ADA, the *Armstrong* court held that the plaintiff could not maintain a separate cause of action based upon the defendant's alleged misconduct in making inquiries regarding the plaintiff's medical condition. *Armstrong,* 950 F.Supp. at 167–68 (noting that nothing in the statute or legislative history supported the conclusion that Congress intended job applicants without disabilities to have a cause of action for violations of the ADA rules on preemployment examinations and inquiries). This Court agrees with the *Armstrong* decision, and holds that a prima facie case of employment discrimination under § 102 of the ADA necessarily requires a finding of disability as defined under the ADA. *See, MacDonald v. Delta Air Lines, Inc.,* 94 F.3d 1437, 1443 (10th Cir.1996).

*Conclusion*

Because Plaintiff has failed to allege either that he was disabled or perceived as disabled as defined under the ADA, he has not established a prima facie case of disability discrimination. For this reason, the Defendant is entitled to judgment as a matter of law. Defendant's Motion for Summary Judgment (docket # 4) is GRANTED.