BALDOCK, Circuit Judge,
dissenting.
In its haste to make law, the court loses sight of the procedural posture of this case and holds that the ADA provides a non-disabled job applicant with a cause of action against a prospective employer for violating 42 U.S.C. § 12112(d)(2)(A). Specifically, the court confuses the standard for dismissing a claim under Fed.R.Civ.P. 12(b)(6), with the standard for granting summary judgment under Fed.R.Civ.P. 56. In this ease, the wise policy of judicial restraint counsels that we assume the ADA provides Plaintiff with a cause of action despite his lack of disability or perceived disability, and that Plaintiff has established a violation of § 12112(d)(2)(A). Thus, Plaintiffs complaint may withstand a Rule 12(b)(6) motion to dismiss. These assumptions alone, however, are insufficient to withstand Defendant’s Rule 56 motion for summary judgment. Whether in some other context the law might afford a non-disabled individual judicial relief for a violation of § 12112(d)(2)(A), Plaintiff in this case has not demonstrated any redressible injury as a result of Defendant’s improper questioning. See Court’s Op. at 11 n. 5 (acknowledging that “before the Plaintiff can prevail he must prove injury flowing from his ... responses to employment questions which the ADA prohibits”). Accordingly, I would affirm the *596 district court’s grant of summary judgment to Defendant.[1]
In his affidavit in support of Defendant’s motion for summary judgment, Johnny McKnight, Steeltek’s plant manager, stated:
The fact that we were not able to offer Mr. Griffin a position with our company had absolutely nothing to do with any disability he may have had or our perception of any disability he may have had. The fact that we were unable to offer him a position of employment was due solely and exclusively to the fact that he had insufficient experience to do the job safely.
Appellant’s Appendix at 15. Plaintiff responded by stating that he had “not sued Defendant claiming that Defendant considered Plaintiff disabled or that Plaintiff was disabled. Rather, Plaintiff has sued Defendant for a rank and admitted violation of the [ADA].” Id. at 18. Plaintiff continued: “The bottom line is that Defendant improperly asked Plaintiff about his workers’ compensation history in the pre-offer stage of the employment process. Such is a violation of the law and subjects Defendant to liability.” Id. at 20.
Based upon the foregoing, Plaintiff in effect admits he has not suffered any cognizable injury or damage caused by Defendant’s ADA violation. Rather, Plaintiff appears to argue that a violation of § 12112(d)(2)(A) necessarily constitutes a compensable injury. In other words, Plaintiffs theory of the case sounds strikingly similar to strict liability. To be sure, Plaintiff alleges in his complaint that he “was denied employment with Defendant by virtue of Defendant’s violations of the ADA.” Appellant’s Appendix at 2. That unsworn allegation, however is insufficient to withstand summary judgment in light of McKnight’s unrebutted affidavit that any violation of the ADA had nothing to do with Defendant’s decision not to hire Plaintiff.
The court concludes that Plaintiff advanced evidence in his affidavit that Defendant’s reason for failing to hire him was pretextual, and thus summary judgment for want of injury is improper. I disagree. While the court does a good job of instructing Plaintiff how to proceed on remand, the fact that Defendant never informed Plaintiff of the precise job requirements does nothing to negate McKnight’s affidavit that upon review of Plaintiffs application, Defendant concluded Plaintiff was unqualified for the job. Rule 56 “mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party’s case, and on which that party will bear the burden of proof at trial.” Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Plaintiff has failed to establish any compensable injury caused by Defendant’s improper questioning.
The court further states that our decision in Roe v. Cheyenne Mountain Conference Resort, Inc., 124 F.3d 1221 (10th Cir.1997), requires us to reverse the district court. Court’s Op. at 5. I again disagree. First, in Roe the court expressly stated: “We need not and do not decide whether the ADA provides a cause of action to an unsuccessful job applicant who has been subjected to a prohibited inquiry.... We hold only that a present employee may sue for injunctive relief from such a prohibited inquiry, as is the case here.” Id. at 1229 n. 5. Second, I am willing to assume for purposes of this ease that the ADA provides a cause of action to any unsuccessful job applicant subjected to a prohibited inquiry. The court may very well be correct when it states the policy of the ADA is “best served by allowing all job applicants who are subjected to illegal medical questioning and who are in fact injured thereby to bring a cause of action against offending employers.” Court’s Op. at 9 (emphasis added). The record in this case, how *597 ever, shows beyond a shadow of a doubt that Plaintiff was not injured by Defendant’s illegal questioning. Accordingly, I would follow the Fifth Circuit’s recent decision in Armstrong v. Turner Indus., Inc., 141 F.3d 554 (5th Cir.1998), which is indistinguishable from our case.
In Armstrong v. Turner Industries, Ltd., the district court held, as did the district court in our case, that because plaintiff presented no evidence that he was disabled within the meaning of the ADA, defendant was entitled to summary judgment on the claim that defendant conducted a prohibited medical inquiry under § 12112(d)(2)(A). 950 F.Supp. 162, 167-68 (M.D.La.1996). On appeal, the Fifth Circuit assumed that the ADA provided plaintiff with a cause of action and that he had established a violation of § 12112(d)(2)(A). The court held, however, that “damages liability under § 12112(d)(2)(A) must be based on something more than a mere violation of that provision. There must be some cognizable injury in fact of which the violation is a legal and proximate cause for damages to arise from a single violation.” 141 F.3d at 562. Because the non-disabled applicant in Armstrong could not show that the prospective employer’s impermissible medical questions caused him any injury, the Fifth Circuit affirmed the district court’s grant of summary judgment to the employer. Likewise, because Plaintiff in this ease has not shown that Defendant’s impermissible medical questions injured him, I would affirm the district court’s grant of summary judgment to Defendant. The ADA cannot reasonably be construed to protect a job applicant, who is neither disabled nor perceived to be disabled, from not being hired for a reason wholly unrelated to any disability or perceived disability. Accordingly, I respectfully dissent.

. Despite this court's contrary assertion, the district court did not acknowledge that the issue of injury was in dispute and that summary judgment would be inappropriate on those grounds. The court never reached that question. Instead, the court held that Plaintiff had not established a prima facie case of disability discrimination because he failed to allege that he was disabled or perceived to be disabled. Griffin v. Steeltek, Inc., 964 F.Supp. 317, 319 (N.D.Okla.1997). While I would not affirm the district court on the basis of its holding, the law is well established that “we may affirm on any ground supported by the record." Gowan v. United States Dept. of the Air Force, 148 F.3d 1182, 1189 (10th Cir.1998).